**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gilbert MORENO, Defendant-Appellant.**

**No. 82–1362.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1983.

Decided April 16, 1985.

George W. Hunt, San Diego, Cal., for defendant-appellant.

Bruce R. Castetter, Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Bruce R. Castetter and Larry P. Zoglin, Asst. U.S. Attys., on the briefs, San Diego, Cal., for plaintiff-appellee.

Before KENNEDY,* HUG, and CANBY, Circuit Judges.

HUG, Circuit Judge:

Gilbert Moreno appeals his convictions for possession of cocaine with intent to distribute and conspiracy, 21 U.S.C. §§ 841(a)(1) and 846 (1982). Moreno was arrested when officers executing a search warrant at his home discovered cocaine and drug paraphernalia. He sought suppression of the seized cocaine and drug paraphernalia contending that the officers who executed the warrant had violated the "knock and notice" requirement of 18 U.S.C. § 3109 (1982). The district court denied Moreno's suppression motion, and we reversed. *United States v. Moreno*, 701 F.2d 815 (9th Cir.1983). The Supreme Court vacated our judgment and remanded for further consideration in light of *Segura v. United States*, — U.S. —, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984). *See* — U.S. —, 105 S.Ct. 286, 83 L.Ed.2d 223 (1984). In light of *Segura*, we now vacate our earlier holding. We affirm the ruling of the district court admitting the evidence and affirm the conviction.

▆▆▆ The facts of the case are related in our previous opinion. The officers had obtained a search warrant but, in executing it, had not knocked or given notice, as required by statute, before their forced entry into the alcove of the apartment. We held that the forced entry into the alcove was an illegal entry in violation of the knock and notice provisions of 18 U.S.C. § 3109 and that the evidence obtained within the apartment must be suppressed as

the fruits of the illegal entry. Ordinarily, where officers executing a search warrant violate section 3109, the fruits of the search must be suppressed. *Miller v. United States*, 357 U.S. 301, 313–314, 78 S.Ct. 1190, 1197–1198, 2 L.Ed.2d 1332 (1958); *United States v. Fluker*, 543 F.2d 709, 717 (9th Cir.1976). In the present case, the officers procured a search warrant prior to the illegal entry into the alcove. In addition, subsequent to the illegal entry, the officers lawfully entered into the solid doorway of the apartment by appropriate compliance with the "knock and notice" statute. We must determine on remand whether suppression is appropriate in light of the Supreme Court's recent decision in *Segura v. United States*.

In *Segura*, officers illegally entered into the petitioners' apartment, and remained on the premises for over 18 hours while a search warrant was obtained. No information obtained during the initial entry or occupation of the apartment was needed or used by the officers to secure the warrant. 104 S.Ct. at 3391. The Court held the evidence admissible as the product of the independently secured warrant. The Court stated:

> This evidence was discovered the day following the entry, during the search conducted under a valid warrant; it was the product of that search, wholly unrelated to the prior entry. The valid warrant search was a "means sufficiently distinguishable" to purge the evidence of any "taint" arising from the entry. *Wong Sun [v. United States]*, 371 U.S. [471] at 488 [83 S.Ct. 407, at 417, 9 L.Ed.2d 441].

*Id.* at 3391. The Court noted that its holding that evidence obtained pursuant to a valid warrant search need not be excluded because of a prior illegal entry was contrary to precedent in our circuit, citing *United States v. Lomas*, 706 F.2d 886 (9th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984) and *United*

---

* Judge Kennedy has been drawn to replace Judge Ely in the above-entitled case. Before his untimely death on October 9, 1984, Judge Ely fully participated in the argument, the post-argument conference of the panel, and the preparation of the previously filed opinion.

*States v. Allard,* 634 F.2d 1182 (9th Cir. 1980).

In the present case, as in *Segura,* the information from which the warrant was procured was completely distinct from the illegal entry. Further, no evidence was obtained between the time of the illegal entry into the alcove and the entry into the remainder of the apartment after compliance with section 3109. The evidence was obtained only after the latter entry. The Supreme Court's reasoning in *Segura* compels a conclusion that the previous procurement of the search warrant and the subsequent compliance with the "knock and notice" statute was sufficiently distinguishable from the illegal entry into the alcove to purge the evidence of any taint from the illegal entry, and the evidence need not be suppressed.

Moreno raised an additional issue that was not discussed in our prior opinion because the judgment was reversed on the other grounds discussed. Moreno contends that the Government's affidavit in support of the search warrant did not contain sufficient facts to establish probable cause. The affidavit established that a reliable informant bought cocaine at an unidentified apartment in Moreno's complex from a man identified as "Joe"; that a controlled purchase of cocaine was made from "Joe," who thereafter went into Moreno's apartment; that there was heavy foot traffic to and from Moreno's apartment; that four anonymous telephone callers had reported their suspicions of drug trafficking at Moreno's apartment; and that Moreno had told the police that a robbery at his apartment was in retaliation for a "dope rip-off."

 The magistrate's task in determining probable cause is to evaluate the "totality of the circumstances," including the veracity and basis of knowledge of persons supplying hearsay information. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). This court need only ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Id.* We may not reverse the magistrate's decision unless it

is clearly erroneous. *United States v. Estrada,* 733 F.2d 683, 684 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 168, 83 L.Ed.2d 103; —— U.S. ——, 105 S.Ct. 194, 83 L.Ed.2d 127, *sub nom. Gorman v. United States* (1984).

We are convinced that the affidavit meets the requirements of *Gates.* The information provided by the informant, substantially verified and supplemented by agent investigation, established a fair probability that contraband would be found at Moreno's apartment.

The judgment is AFFIRMED.