926 F.2d 1216
 288 U.S.App.D.C. 343
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Lonnie MARTIN, Appellant.
 No. 89-3209.
 United States Court of Appeals, District of Columbia Circuit.
 March 1, 1991.
 
 Appeal from the United States District Court for the District of Columbia.
 D.D.C.
 AFFIRMED.
 Before: MIKVA, Chief Judge, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and the arguments of counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 The district court properly denied appellant's motion to suppress. Although the initial entry into the apartment by the police officers and federal agents violated the federal "knock and announce" statute, 18 U.S.C. Sec. 3109, see United States v. Harris, 435 F.2d 74, 82 (D.C.Cir.1970), cert. denied, 402 U.S. 986 (1971), we conclude that, on the specific circumstances of this case, whatever taint attached to this violation was cured by the officers' compliance with the requirements of the statute when they encountered appellant's locked and reinforced bedroom door. Cf. United States v. Moreno, 758 F.2d 425 (9th Cir.1985).
 
 
 3
 We also find that there was ample evidence supporting appellant's conviction for use of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). Appellant admitted that he owned the gun and used it to protect his drug supply. Even ignoring the latter admission (as the district court did), the gun's easy accessibility and close proximity to appellant's drug supply supported the inference that he used it to protect the drugs. See United States v. Anderson, 881 F.2d 1128, 1141 (D.C.Cir.1989).
 
 
 4
 Finally, we reject appellant's argument that there was insufficient evidence to convict him for maintaining a place for the purpose of distributing narcotics in violation of 21 U.S.C. Sec. 856(a)(1). Contrary to appellant's assertion, we conclude that Sec. 856(a)(1) does encompass the storing of drugs in a place even if the drugs are not also manufactured, used, or sold there. It is accordingly
 
 
 5
 ORDERED and ADJUDGED that the judgments of conviction be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.