**UNITED STATES of America, Plaintiff,**

v.

**Edward C. SANDOZ, Defendant.**

**Cr. No. 91–149–FR.**

United States District Court,
D. Oregon.

Jan. 31, 1992.

Charles H. Turner, U.S. Atty., Frank Noonan, Asst. U.S. Atty., Portland, Or., for plaintiff.

Douglas Stringer, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is defendant's motion to suppress (# 46) and request for a *Franks* hearing (# 84).

## BACKGROUND

On November 25, 1991, a federal grand jury returned a thirteen count superseding indictment against the defendant, Edward Charles Sandoz. Sandoz is charged in count one of the superseding indictment with the crime of conspiring to possess with the intent to distribute and distribut-

ing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Sandoz is charged in counts two through eleven of the superseding indictment with the crimes of distributing cocaine and aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Sandoz is charged in count twelve of the superseding indictment with the crime of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Sandoz is charged in count thirteen of the superseding indictment with the crime of money laundering in violation of 18 U.S.C. § 1957.

On May 1, 1991, the Honorable George E. Juba, United States Magistrate Judge, issued a warrant for the search of the residence of Sandoz located at 3133 S.W. View Place, Portland, Oregon, and a warrant for the search of four automobiles owned or used by Sandoz. The search warrants were issued based upon the affidavit submitted by James Douglas Cole, an Oregon state police officer assigned to the federal Drug Enforcement Agency. The warrants contain a list of the objects of the searches. The objects of the searches were:

All controlled substances, records and documentation reflecting their methods of trafficking in controlled substances, such as: [1] shipping receipts, [2] schedules of appointments with co-conspirators, [3] records reflecting controlled substances bought and sold which depict a listing of those names, dates, prices and quantities of those types of controlled substances bought and sold, [4] telephone numbers reflecting the names of co-conspirators and cellular telephone bills reflecting the telephone numbers of co-conspirators, [5] receipts for the purchase and sale of narcotics manufacturing equipment/paraphernalia, including scales or other weighing devices, diluents and cutting/diluting equipment within their residences and in vehicles owned or controlled by them[,] [6] monies and other negotiable items, including credit cards and credit receipts, [7] keys to and records of safety deposit boxes, [8] statements reflecting balances in bank accounts or other lending institutions, including cancelled checks, [9] employment and income tax records, including records of persons preparing tax returns, [10] financial records, [11] mortgage agreements, [12] deeds to property, including receipts and cancelled checks for repair or renovation of those properties, [13] vehicle titles and receipts or cancelled checks for the renovation or repair of vehicles owned by them or in their control, [14] airline tickets[,] [15] other evidence of criminal activity[,] and [16] personal computers, to include all computer equipment and peripherals, the software to operate them[,] and all related instruction manuals.

Search Warrants, Attachment A, No. 91–448M(a), (b) (D.Or. issued May 1, 1991). On May 2, 1991, law enforcement officers executed the search warrants, seizing items from the residence and one of the vehicles of Sandoz.

Sandoz moves to suppress the items seized from his residence and his automobile. He contends that the affidavit of Officer Cole was insufficient for the issuing magistrate judge to have found probable cause to issue the warrants to search either his residence or his automobile or to search for financial records. Sandoz further contends that the magistrate judge relied on stale information in issuing the warrants and that the warrants are unconstitutionally broad. Sandoz also seeks a *Franks* hearing to test the sufficiency of the warrants upon which the searches were based.

## MOTION TO SUPPRESS

### A. Applicable Law and Standard

■ To determine whether there is probable cause to issue a search warrant, a judge examines all of the circumstances set out in the affidavit before him. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). If, under the totality of the circumstances, the judge finds "a fair probability that contraband or evidence of a crime will be found in a

particular place," then the search warrant may issue. *Id.*

■ A reviewing court does not employ a *de novo* standard when examining the sufficiency of an affidavit; rather, a judge's determination of probable cause to issue a search warrant is afforded great deference. *Id.* at 236, 103 S.Ct. at 2331. A reviewing court "need only ensure that the magistrate [judge] had a substantial basis for concluding that probable cause existed." *United States v. Moreno,* 758 F.2d 425, 427 (9th Cir.1985) (citing *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332). In doubtful cases, preference will be given to upholding the validity of a search warrant. *United States v. Calabrese,* 825 F.2d 1342, 1349 (9th Cir.1987).

### B. Analysis

1) Factual Sufficiency

■ Sandoz first argues that the affidavit of Officer Cole is insufficient because nothing in the affidavit indicates that Sandoz was ever observed with controlled substances in either his home or his automobile.[1] Sandoz does not dispute, however, that there was sufficient information in the affidavit to identify him as a distributor of cocaine. In his affidavit, Officer Cole states that Sandoz is a distributor of cocaine, and that based on his experience, evidence of the distribution of controlled substances will be found in the residences and vehicles of a distributor of cocaine like Sandoz. Affidavit of James Douglas Cole, paras. 65–69 (filed in support of Search Warrants, Attachment A, No. 91–448M(a), (b) (D.Or. issued May 1, 1991)). The court finds that there was a sufficient basis for the magistrate judge to issue the warrants for the search of the home and vehicles of Sandoz. *United States v. Ayers,* 924 F.2d 1468, 1479 (9th Cir.1991). *See also United States v. Fannin,* 817 F.2d 1379, 1382 (9th Cir.1987) (magistrate judge may rely on the opinions of experienced law enforcement officers regarding where evidence is likely to be found); *United States v. Angulo–*

*Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986) (evidence is likely to be found where drug dealers live); *United States v. Peacock,* 761 F.2d 1313, 1315 (9th Cir.) (magistrate judge need only determine that it would be reasonable to seek evidence in the location indicated in the affidavit), *cert. denied,* 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 114 (1985).

2) Financial Records

■ Sandoz next argues that the affidavit of Officer Cole fails to establish probable cause to search for financial records. In his affidavit, Officer Cole states that Sandoz is a distributor of cocaine, and that financial records related to the distribution of controlled substances frequently are found in the residences and vehicles of a distributor of cocaine such as Sandoz. Affidavit of James Douglas Cole, paras. 66–68 (filed in support of Search Warrants, Attachment A, No. 91–448M(a), (b) (D.Or. issued May 1, 1991)). The court concludes that the affidavit of Officer Cole provides probable cause for the issuance of the search warrants. *See Ayers,* 924 F.2d at 1479.

3) Staleness

■ Sandoz next argues that the information in Officer Cole's affidavit was stale since nearly seven months had elapsed between November 9, 1990, the last alleged drug transaction between a co-defendant and a confidential informant, and May 2, 1991, the date the search warrants were executed. A search warrant may be rendered invalid if information in the supporting affidavit is stale. "The test for judging the timeliness of a search warrant is whether there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." *United States v. Gann,* 732 F.2d 714, 722 (9th Cir.), *cert. denied,* 469 U.S. 1034, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984). "With respect to drug trafficking, probable cause may continue

---

1. Sandoz acknowledges that he was observed by law enforcement officers in his automobile with a co-defendant on or about November 8, 1990.

Affidavit of James Douglas Cole, para. 62 (filed in support of Search Warrants, Attachment A, No. 91–448M(a), (b) (D.Or. issued May 1, 1991)).

for several weeks, if not months, of the last reported instance of suspect activity." *Angulo–Lopez*, 791 F.2d at 1399.

■ In his affidavit, Officer Cole describes eleven cocaine transactions which occurred between December 8, 1989 and November 9, 1990. Affidavit of James Douglas Cole, paras. 43, 52 and 58 (filed in support of Search Warrants, Attachment A, No. 91–448M(a), (b) (D.Or. issued May 1, 1991)). Ten of these transactions involved persons whom Sandoz was allegedly supplying with cocaine. *Id.* at paras. 7, 9, 43 and 58. One of the transactions involved Sandoz himself. *Id.* at para. 52. After carefully examining the affidavit, the court is satisfied that they provide a basis for the magistrate judge to conclude that Sandoz was a distributor of cocaine in an ongoing drug business. Therefore, the evidence in the affidavit was not stale. *See United States v. Jones*, 801 F.2d 304, 314 (8th Cir.1986) (passage of seven months between last drug transaction and issuance of warrant did not render information stale when defendants were charged with ongoing drug conspiracy).

### 4) Breadth

■ The final contention of Sandoz is that, with respect to the search for "financial records" and "other evidence of criminal activity," the search warrants were unconstitutionally broad. These search warrants allowed law enforcement officers to search for "other evidence of criminal activity;" however, this general reference to "criminal activity" must be read as it relates to the crime specified in the warrant: trafficking in controlled substances. *See United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1567–68 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). Similarly, the search warrants limited the search of financial records to those documents related to the crime of trafficking in controlled substances. *Id.* Accordingly, the search warrants are not overly broad.

### REQUEST FOR A FRANKS HEARING

Sandoz seeks a *Franks* hearing arguing that the magistrate judge was misled because relevant information was omitted from the affidavit. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Sandoz contends that Officer Cole failed to include in his affidavit the following information: (1) that Sandoz entered into a written agreement with the government to become an informant for the Drug Enforcement Agency in June of 1987; (2) that a federal drug charge was dismissed against Sandoz because he cooperated with the Drug Enforcement Agency; (3) that the pen register placed on the telephone of Sandoz recorded five telephone calls to the Drug Enforcement Agency in Portland, Oregon; (4) that one of the alleged dealers whose name was supplied by Sandoz had gotten married in March, 1991, and, as a result, was no longer dealing in cocaine; (5) that one of the confidential and reliable informants used by Officer Cole purchased and consumed cocaine while acting as an informant; and (6) that Officer Cole routinely paid cash to the informants.

■ To warrant an evidentiary hearing under *Franks*, Sandoz must make a substantial preliminary showing that in his affidavit, Officer Cole deliberately or recklessly omitted facts, and that omissions of fact would tend to mislead the magistrate judge. *United States v. Stanert*, 762 F.2d 775, 780–81, *as amended on denial of reh'g*, 769 F.2d 1410 (9th Cir.1985); *see also Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. The court must then determine whether, had the omitted facts been included, the affidavit would not have supported a finding of probable cause. *See Franks*, at 171–72, 98 S.Ct. at 2684–85.

■ Even if the court accepts as true each of the omitted facts, the magistrate judge's finding of probable cause was correct. First, although Sandoz states that he entered into an agreement with the Drug Enforcement Agency in 1987, he does not assert that this agreement was in effect, or that he believed the agreement was in effect, at the time of his alleged drug activity. Second, although one of the men to

whom Sandoz allegedly supplied drugs was to have quit dealing drugs after his marriage in March, 1991, Sandoz allegedly had another man sell drugs on his behalf. In any event, the affidavit is not misleading in this regard. *See* Affidavit of James Douglas Cole, para. 55 (filed in support of Search Warrants, Attachment A, No. 91–448M(a), (b) (D.Or. issued May 1, 1991)). Third, although one of the confidential informants allegedly used cocaine while acting as an informant, the description by Officer Cole of activities of this informant was sufficiently detailed and reliable. *See, e.g., id.* at paras. 48–54. Finally, although Officer Cole failed to disclose that he was paying the informant, the magistrate judge would have had to be naive to suppose that the informant was not receiving something in return for his assistance and information. *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 228 (1989). The court concludes that probable cause to issue the search warrants existed had all of the omitted information been included in the affidavit. Therefore, Sandoz is not entitled to a *Franks* hearing.

## CONCLUSION

Sandoz' motion to suppress (# 46) and his request for a *Franks* hearing (# 84) are denied.