983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
David Ugarte OTERO, Jr., Defendant-Appellee.
 No. 91-10475.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Jan. 14, 1993.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals the district court's order suppressing evidence of a shotgun which federal officers, acting pursuant to a search warrant, seized from appellee David Ugarte Otero's home. The district court granted Otero's motion to suppress the evidence on grounds the officers who executed the warrant violated 18 U.S.C. § 3109 when they failed to knock and announce at an outer, locked screen door. As the taint of the opening of the outer, locked screen door would be purged if the opening of the inner, locked wooden door was proper, we reverse and remand the case for a determination of whether the knock and announce at the inner door was proper.
 
 I. BACKGROUND
 
 3
 Based on information obtained through wiretaps, federal officers learned of certain drug activities involving Otero and obtained a search warrant for his home. On August 31, 1988, the officers arrived at Otero's home to execute the warrant. The officers noticed two doors leading to his home: an outer, locked screen door and directly behind it, an inner, locked wooden door.
 
 
 4
 Without knocking on the screen door, the officers cut a hole in the screen, unlocked the door, and pulled the door back. The agents then knocked on the wooden door and gave an announcement in Spanish. When no one responded to the knock after a five-count, the officers used a sledge hammer to break open the wooden door and entered Otero's home. In the house, the officers found a sawed-off shotgun which they confiscated.
 
 
 5
 On April 17, 1991, Otero was charged by indictment with (1) possession of a shotgun with a barrel and overall length shorter than required under 26 U.S.C. § 5845(a)(2) and not registered to him as required under 26 U.S.C. § 5841, in violation of 26 U.S.C. §§ 5861(d) and 5871, and (2) possession of a firearm with the serial number and identification as required under 26 U.S.C. § 5842 removed, in violation of 26 U.S.C. §§ 5861(h) and 5871.
 
 
 6
 Otero filed a motion to suppress the shotgun as evidence on July 2, 1991. He asserted that the officers who searched his home violated the provisions of 18 U.S.C. § 3109 by cutting the outer screen door and moving it out of the way without knocking and announcing their authority.
 
 
 7
 A hearing on the motion was held on August 20, 1991. The court granted Otero's motion to suppress the evidence. The court concluded:
 
 
 8
 The officers violated the statute in question, clearly, and if that calls for the suppression, then that's the order....
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 I think that the Court would be not only legally in error not to so hold, but would clearly send the wrong message to law enforcement officers that it is exactly what that statute prohibits, what occurred here. And certainly while what counsel indicates is a, quote, possible scenario to defer law enforcement officers, that is putting up a tunnel of screen doors, that isn't what there was here. And certainly it is what is proscribed by the statute.
 
 
 12
 And I do think that the law enforcement officers should understand then and learn from that, that that is what is proscribed and all they need to have done here was simply rip right through the screen door and the wooden door, if need be, and it is so ordered.
 
 
 13
 Because the evidence was suppressed, the court did not reach the question of whether the officers properly knocked and announced at the inner, locked wooden door.
 
 
 14
 On August 29, 1991, the government filed a motion for reconsideration of the court's order. The government argued that the evidence did not have to be suppressed if the taint of the illegal search was purged.
 
 
 15
 On September 17, 1991, the court denied the government's motion for reconsideration and ordered the evidence suppressed. The government filed a timely notice of appeal, and we have jurisdiction to hear the appeal under 18 U.S.C. § 3731.
 
 II. DISCUSSION
 
 16
 A. Standard of Review.
 
 
 17
 A court of appeals reviews de novo a district court's grant of defendant's motion to suppress evidence improperly obtained, and upholds its findings of facts unless they are clearly erroneous. United States v. $25,000 Currency, 853 F.2d 1501, 1504 (9th Cir.1988); see also United States v. Ramos, 923 F.2d 1346, 1355 (9th Cir.1991). Whether the officers violated 18 U.S.C. § 3109 when they opened the screen door and whether this violation requires a suppression of the evidence is a legal question to be reviewed de novo.
 
 
 18
 B. Knock and Announce Statute.
 
 
 19
 The "knock and announce" statute, 18 U.S.C. § 3109, provides that an "officer may break open any outer or inner door ... of a house, ... to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance." If in executing a search warrant federal officers violate the knock and announce statute, evidence seized during the search is suppressed. Miller v. United States, 357 U.S. 301, 313-14 (1958); United States v. DiCesare, 765 F.2d 890, 895 (9th Cir.), amended by, 777 F.2d 543 (1985).
 
 
 20
 1. Opening of Locked Screen Door.
 
 
 21
 The government claims that there was no violation of 18 U.S.C. § 3109 when the locked screen door was opened, because there was "no unannounced invasion of privacy as a result of the breaking," and the screen door was not the "door of entrance." To determine whether the government is correct, we examine the plain meaning and purpose of 18 U.S.C. § 3109.
 
 
 22
 The knock and announce statute, 18 U.S.C. § 3109, refers to "outer" and "inner" doors and states that officers have the authority to break through both types of doors under certain circumstances. It does not mention a "door of entrance" or a locked door. By referencing two types of doors, Congress recognized that there could be a situation where officers needed to get through both doors. Thus, the plain meaning of the statute indicates that where there are two doors, an officer's failure to knock and announce at a screen door is a violation of the statute.
 
 
 23
 This view is supported by an examination of the statute's purpose. In United States v. Little, 753 F.2d 1420, 1435 (9th Cir.1984), we recognized three interests that the enforcement section 3109 was designed to serve: "(1) it provides protection from violence, assuring the safety and security of both the occupants and the entering officers; (2) it protects an individual's right to privacy; and (3) it protects against the needless destruction of private property." See also Sabbath v. United States, 391 U.S. 585, 587 (1968).
 
 
 24
 In this case, the officers' breaking of the outer screen door without knocking and announcing their authority violated the interests the statute was designed to protect. First, entry to Otero's home could only be made through both the screen door and the wooden door. Otero, or another occupant of the house, locked the screen door, denying visitors free access to the home. The ability to open the screen door belonged only to the occupants of the house. Given these facts, the opening of the screen door by force appears a clear invasion of the occupants' privacy. Second, the officers cut a hole in the screen door to unlock it, and this opening was a clear destruction of private property. As the officers could easily have knocked and announced on the screen door, the destruction of this property seems a needless violation of the statute.[1]
 
 
 25
 Based on the statute's plain meaning and purpose, we hold that the officers violated section 3109.
 
 
 26
 2. Purging the Taint of the Screen Door Entry.
 
 
 27
 We next examine whether the officers' opening of the screen door in a violation of 18 U.S.C. § 3109 requires the evidence be suppressed. We conclude that the evidence need not be suppressed if the entry through the inner, locked wooden door was proper.
 
 
 28
 In United States v. Moreno, 758 F.2d 425 (9th Cir.1985), this court dealt with a situation where the taint of an illegal search was purged by the proper execution of an independently obtained search warrant. There, officers "jimmied" opened an iron gate with a crowbar and proceeded to a wooden door, located six-feet from the gate at the end of an alcove. See United States v. Moreno, 701 F.2d 815, 816 (9th Cir.1983), vacated, 469 U.S. 913 (1985). At the door, they knocked and announced their authority. 758 F.2d at 426. This court concluded that while the entry through the gate was a violation of the 18 U.S.C. § 3109, the evidence did not need to be suppressed because it was obtained through a valid search warrant purged of any taint from the illegal entry. Id. at 427. This court found that the evidence forming the basis of the search warrant was independent of the illegal entry and that no evidence was obtained between the time of the illegal entry through the gate and the proper entry through the door into the apartment. Id.
 
 
 29
 Based on Moreno, we conclude that the officers' search of Otero's home would be purged of the taint of the opening of the locked screen door in violation of 18 U.S.C. § 3109 if the second entry through the wooden door was proper. The evidence that formed the basis of the search warrant in this case had nothing to do with the officers' entry through the locked screen door; the warrant was based on independent evidence. Furthermore, as in Moreno, no evidence was obtained between the time the officers entered the screen door illegally and the time they broke through the inner wooden door.
 
 
 30
 Because the trial court determined that the evidence should be suppressed, it made no finding as to whether the officers properly entered through the locked wooden door. We, therefore, reverse and remand the case for further consideration in light of this decision. On remand, if the district court finds the entry through the wooden door proper, the evidence should not be suppressed.
 
 
 31
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is not a case involving exigent circumstances and requiring officers to move quickly to avoid the destruction of evidence. See, e.g., United States v. Turner, 926 F.2d 883 (9th Cir.1991)