42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn Patrick ROGERS, Defendant-Appellant.
 No. 93-30464.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided Dec. 6, 1994.
 
 1
 Before: D.W. NELSON, FLETCHER, and RYMER Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Defendant-Appellant Shawn Patrick Rogers ("Rogers") appeals his conviction pursuant to 21 U.S.C. Sec. 841(a)(1), for the manufacturing of marijuana. Rogers contends that the district court erred in denying his motion to suppress evidence, and in finding that probable cause existed in the affidavit to support a search warrant. He further argues that this court should reverse and remand this case with the order to suppress the evidence. We have jurisdiction under 18 U.S.C. Secs. 1291 and 1294, and we affirm.
 
 I. MOTION TO SUPPRESS EVIDENCE
 
 4
 When we review a search pursuant to a warrant, the magistrate's determination is entitled to great deference and is reviewed for clear error. United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986).
 
 
 5
 Without first obtaining a search warrant, Detective Thompson entered Rogers' house and observed marijuana plants growing in a closet. Detective Thompson then left the house and informed Detective Brown about the marijuana and an outstanding arrest warrant for Rogers. Detective Brown then proceeded to investigate Rogers and used the results of the investigation to establish probable cause for a search. Rogers claims that because the prior search was illegal, the probable cause in the search warrant was tainted. We disagree.
 
 
 6
 In Rogers' own brief, he cites United States v. Holzman, 871 F.2d 1496, 1513 (9th Cir.1989), where the court stated "[i]f the justification for the warranted search was genuinely derived from a source independent of the unlawful entry, then the item seized under the warrant need not be suppressed." Id. (emphasis added). Such is the case here. The independent source in this case, was the outstanding felony arrest warrants that Detective Thompson was advised of on September 10, 1992. The warrants were issued in the state of Washington for Rogers and a co-defendant, Kimberly Donat. The outstanding warrants were based on a search warrant executed by King County on a marijuana grow operation, on January 15, 1992. Detective Brown testified that even if he had not been told by Detective Thompson of the marijuana which was growing in Rogers' closet, he still would have conducted the investigation based upon receipt of the outstanding warrants for Rogers and Ms. Donat.
 
 
 7
 Thus, it appears that discovery of the marijuana growing in Rogers' closet was "inevitable." United States v. Boatwright, 822 F.2d 862, 864 (9th Cir.1987). Accordingly, we defer to the findings of the district court, and hold that its decision to deny Rogers' motion to suppress was not clearly erroneous.
 
 II. PROBABLE CAUSE
 
 8
 A magistrate's determination of probable cause "should be paid great deference by reviewing courts[,]" Illinois v. Gates, 462 U.S. 213, 236, and in close cases the reviewing court should give preference to the validity of the search warrant. United States v. Peacock, 761 F.2d 1313, 1315 (9th Cir.), cert. denied, 474 U.S. 847 (1985) (internal citations omitted).
 
 
 9
 Rogers contends that the affidavit supporting the search warrant did not contain sufficient facts to constitute probable cause. However, as Rogers noted in his brief, the district court stated:
 
 
 10
 I am going to find that there is probable cause, based on the evidence set forth in this affidavit. You have got known marijuana growers, you have got an increased light usage. You have got aliases, you've got outstanding warrants. That should be sufficient in itself. I am going to so hold.
 
 
 11
 The magistrate was allowed to rely on Detective Brown's expert opinion to determine whether probable cause existed, United States v. Crozier, 777 F.2d 1376, 1380 (9th Cir.1985), which included the reasonable inferences drawn from the substantial changes in power usage, and the presence of non-reflective material on the windows. Detective Brown testified that he knew from his training and experience that manufacturers of controlled substances would on occasion use blinds and or drapes to obscure activity within a structure.
 
 
 12
 In addition, the magistrate could also rely on substantial evidence in the affidavit that Rogers had multiple convictions for drug dealing and that he had an arrest warrant currently outstanding for another marijuana grow operation. United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986). Considering the totality of the circumstances set forth in the warrant affidavit, United States v. Moreno, 758 F.2d 425, 427 (9th Cir.1985), and weighing the evidence presented in a common sense and realistic manner, Gates, 462 U.S. at 236, it appears that the district court made a reasonable determination that probable cause existed to issue a warrant in this case.
 
 
 13
 Moreover, because direct evidence linking criminal objects to a particular site is not required for the issuance of a search warrant, United States v. Poland, 659 F.2d 884, 897 (9th Cir.), cert. denied, 454 U.S. 1059 (1981), and a magistrate need only determine that a fair probability exists of finding evidence of criminal activity, United States v. Seybold, 726 F.2d 502, 504 (9th Cir.1984), we conclude that the district court was correct in finding that the magistrate had an adequate basis for issuing the search warrant. The district court's refusal to suppress the evidence from the search was not error.
 
 III. CONCLUSION
 
 14
 Accordingly, we affirm Shawn Patrick Rogers' conviction and the decision of the district court.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3