**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marcello Delonzo ROOTS, Defendant–Appellant.**

**No. 01–10544.**

**D.C. No. CR–S–00–00168–MLS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Nov. 26, 2002.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before KOZINSKI and KLEINFELD, Circuit Judges, and REED,* District Judge.

MEMORANDUM**

Marcello Delonzo Roots appeals from the district court's denial of his motion to suppress crack cocaine found in his pants pocket during the search of his home pursuant to a warrant. He also appeals his sentence. The parties are familiar with

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

the facts and we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review compliance with the knock and announce rule de novo, but review the district court's factual findings for clear error. *United States v. Granville*, 222 F.3d 1214, 1217 (9th Cir.2000).

■ Roots argues that the police violated the knock and announce rule by removing his outer security door at the same time they began to knock and announce. Even if removing the security door violated the rule, it would not justify suppressing the evidence found in this case. "[S]ubsequent compliance with the 'knock and [announce] statute ... purge[s] the evidence of any taint from the illegal entry'" if that compliance is "sufficiently distinguishable" from the illegal entry. *United States v. Moreno*, 758 F.2d 425, 427 (9th Cir.1985). Here, the officers waited after breaking down the security door before breaking down Roots's front door. The drugs were found in the apartment, not between the two doors. If the breach of the second door was valid, it is sufficiently distinguishable from the breach of the security door that it purged the evidence found within the apartment of any taint.

We turn to whether the knock and announcement prior to entry through the front door was valid. An officer may force entry into a house to execute a search warrant if, after notice of his authority and purpose, he is refused admittance. *See* 18 U.S.C. § 3109. Constructive refusal to admit can be inferred from silence, but only after a "significant amount of time." *Granville*, 222 F.3d at 1218 (internal quotation marks omitted). The time lapse

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

must be reasonable considering the particular circumstances of the case. *See, e.g., United States v. Chavez–Miranda*, 306 F.3d 973, 980 (9th Cir.2002); *United States v. Banks*, 282 F.3d 699, 703–05 (9th Cir. 2002), *petition for cert. filed*, No. 02–473 (Sept. 23, 2002). Knowledge of any facts from which an officer could infer that entry into a residence would pose any risk greater than the ordinary danger of executing a search warrant on a private residence is relevant to the reasonableness inquiry. *See Chavez–Miranda*, 306 F.3d at 981–82.

Here, between 30 seconds and one minute elapsed from the time the officers began their knock and announcement until they breached the front door of the house. The officers completed three knock and announce cycles within that time. The officers knew that Roots had been arrested for violent crimes and that he lived with two gang members. Even taking into account that the knock and announcement occurred in the early morning hours, we find that the officers' 30 to 60 second wait was a "significant amount of time," given the circumstances, such that they complied with the statute.[1] *See id.* (finding a 20–30 second wait reasonable when the warrant was executed in the early evening and the officers had good reason to believe that heroin was being kept in the apartment and that defendant had the potential for violence).

The fact that the district judge found that Roots possessed crack cocaine did not increase his sentence beyond the statutory maximum. Therefore, there was no *Apprendi* violation. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct.

2348, 147 L.Ed.2d 435 (2000) (holding that "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added). Roots's argument that U.S.S.G. § 2D1.1 amended the definition of "cocaine base" in 21 U.S.C. § 844(a) is meritless. Sentencing Guidelines cannot amend a statute. *See United States v. Barbosa*, 271 F.3d 438, 465–67 (3d Cir. 2001).

Further, Roots was sentenced under the Sentencing Guideline for simple possession under 21 U.S.C. § 844(a). By virtue of the amount he possessed, the district court properly referred to § 2D1.1 for a determination of his offense level.

AFFIRMED.

---

1. Although the officers do not dispute that they had knowledge of these circumstances prior to seeking the search warrant, they were not required to obtain a no-knock warrant to stay within constitutional bounds. *See Richards v. Wisconsin*, 520 U.S. 385, 396 n. 7, 117

S.Ct. 1416, 137 L.Ed.2d 615 (1997) (acknowledging that the practice of obtaining a no-knock warrant seems entirely reasonable, but not stating that it is constitutionally required).

