**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JOEL BATTERSHELL,
　　　　　　*Defendant-Appellant.*

No. 05-30397

D.C. No.
CR-04-05525-FDB

OPINION

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Argued and Submitted
June 5, 2006—Seattle, Washington

Filed August 10, 2006

Before: Robert R. Beezer, Richard C. Tallman, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Tallman

**COUNSEL**

Colin Fieman, Assistant Federal Public Defender, Tacoma, Washington, for the defendant-appellant.

John McKay, United States Attorney, Seattle, Washington, for the plaintiff-appellee.

## OPINION

TALLMAN, Circuit Judge:

We are asked to determine whether a search warrant application describing allegedly illegal photos contained on a computer was sufficient to establish probable cause to search the computer when the application did not include copies of the offending images.

Vancouver, Washington, police seized Joel Battershell's computer after responding to a call from Battershell's girlfriend and her sister that they had found child pornography on it. Four months later, a police forensic detective trained in retrieving computer evidence applied for a search warrant to examine its contents. The warrant application signed by the forensic investigator did not include copies of the digital photographs taken by patrol officers of two pictures the officers had seen on the computer when they took the complaint. The police report appended to the warrant application, however, recited the women's original complaint that the computer contained photos of "kids having sex" as well as the officers' description of the two photos they had viewed.

A Clark County, Washington, district court judge found the warrant application sufficient to establish probable cause that Battershell's computer contained images of minors engaged in sexually explicit activity. Following the search, Battershell was indicted for possession of more than 2,500 prohibited images located on his computer and he moved to suppress the evidence seized pursuant to the warrant on grounds that the warrant was invalid. The United States district judge denied his motion and this appeal followed a conditional plea of guilty. We affirm.

## I

The following facts are drawn from the evidence presented at the suppression hearing before the federal district court and on the court's factual findings in support of its ruling.

On April 6, 2004, Vancouver Police Officer Steven Lobdell responded to a call from Grace Smith, Battershell's girlfriend, reporting that she and her sister had found pictures of minors engaged in sexual activity on Battershell's computer. Smith had been living at Battershell's home for three months and was given permission to use the computer so that she and her sister could look for jobs online. Smith and her sister told Officer Lobdell that while using Battershell's computer they had opened a file entitled "Potter," in which they saw pictures of "kids having sex." Smith and her sister also told the officer that Battershell was the only Windows user.

Smith and her sister opened the "Potter" folder and gave Officer Lobdell permission to view several small thumbnail photos. It was clear that some of the photos showed undressed people, but Officer Lobdell enlarged two pictures to see more details. According to Officer Lobdell's report, which was included in the warrant application, the first picture showed "a young female (8-10 YOA) naked in a bathtub. The second picture showed another young female having sexual inter-course with an adult male. This confirmed that the pictures were illegal to obtain."

Officer Lobdell retrieved a digital camera from his police car and "took photos of [the two pictures he had enlarged] to document should there be a computer problem." At this time Officer Jennings arrived at the home and "also observed the photos to confirm they were on the computer." The officers then turned the computer off and seized it.

Officer Lobdell called Vancouver police computer foren-sics investigator Maggi Holbrook for advice on how to handle the computer. She told him to place it into evidence and said that she would later obtain a warrant to search the computer for pictures. On August 28, 2004, after obtaining the search warrant from a Washington state court judge, Holbrook con-ducted a forensic examination of Battershell's computer and uncovered 2,731 images depicting the sexual abuse and

exploitation of children. These images were found on the hard drive in the "Potter" folder and on a compact disk taken from the computer.

After Battershell was indicted by a federal grand jury, and following an evidentiary hearing, the district court denied Battershell's motion to suppress the evidence, ruling that the warrant application established probable case. Battershell and the government then entered into a conditional plea agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure for violation of possessing visual depictions of minors engaged in sexually explicit conduct. 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256 (2000 & Supp. 2005). The district court sentenced Battershell to thirty-six months of imprisonment. This timely appeal followed.

## II

### A

A district court's denial of a motion to suppress evidence is reviewed de novo. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2004). The factual findings underlying the denial of the motion are reviewed for clear error. *Id.*

The governing legal principles are clear and easy to apply in this case. We want to encourage police officers to obtain search warrants and we rely on the judgment of neutral and detached magistrates to determine whether probable cause exists to support their issuance. "A magistrate's determination of probable cause should be paid great deference by reviewing courts," *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (internal quotation marks omitted), and can only be reversed if it is clearly erroneous. *United States v. Moreno*, 758 F.2d 425, 427 (9th Cir. 1985); *see also United States v. Leon*, 468 U.S. 897, 914 (1984) ("Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for

warrants is most appropriately effectuated by according great deference to a magistrate's determination." (internal quotation marks omitted)).

In *Gates*, the Supreme Court abandoned the old reliability and corroboration tests of *Spinelli v. United States*, 393 U.S. 410 (1969), and *Aguilar v. Texas*, 378 U.S. 108 (1964), and "reaffirm[ed] the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations." 462 U.S. at 238. The Court held that "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238 (emphasis added); *see also Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998) ("[Search warrant a]pplications and affidavits should be read with common sense and not in a grudging, hyper technical fashion."). Our role as "a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238-39 (internal quotation marks and alteration omitted). Indeed, we recently clarified en banc that "[w]e are not in a position to flyspeck the affidavit through de novo review." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc).

**[1]** To withstand review, we must determine that the warrant application made a sufficient showing that there was probable cause for the magistrate to believe that the pictures likely to be found on Battershell's computer depicted: (1) sexually explicit conduct; and (2) a minor engaged in that conduct. *See* 18 U.S.C. §§ 2252(A) and 2256. We are satisfied that it did.[1]

---

[1]Our analysis is no different where First Amendment concerns may be at issue, such as the case here when photographs are expected to be seized pursuant to the warrant. *See New York v. P.J. Video, Inc.*, 475 U.S. 868, 875 (1986) ("[A]n application for a warrant authorizing the seizure of materials presumptively protected by the First Amendment should be evaluated under the same standard of probable cause used to review warrant applications generally.").

**B**

**[2]** Federal law² defines five categories of "sexually explicit conduct" with respect to child pornography. *See* 18 U.S.C. § 2256(2)(A). The first four categories deal with specific conduct that is easy to identify and describe: "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; [and] (iv) sadistic or masochistic abuse . . . ." *Id.*; *see also United States v. Jasorka*, 153 F.3d 58, 60 (2d Cir. 1998) (quoting the district court's declaration that the conduct involved in the first four categories is "clearly defined and easily recognized"). The second photo falls within the first category.

**[3]** The fifth category, exemplified by the bathtub photo, is the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). The fifth category, which turns on the meaning of "lascivious," is far more subjective and open to interpretation than the first four. *See United States v. Brunette*, 256 F.3d 14, 18 (1st Cir. 2001) ("[T]he identification of images that are lascivious will almost always involve, to some degree, a subjective and conclusory determination on the part of the viewer." (internal quotation marks omitted)); *United States v. Getzel*, 196 F. Supp. 2d 88, 91 (D.N.H. 2002) (ruling that the identification of images as lascivious is "subjective").

**[4]** Officer Lobdell described the first photograph as "a young female (8-10 YOA) naked in a bathtub." The government correctly concedes that the description of the first photo-

---

²Although the warrant application sought evidence of violations of a Washington statute—Wash. Rev. Code § 9.68A.070, Possession of Depictions of Minors Engaged in Sexually Explicit Conduct—the United States Attorney correctly notes that "[f]or purposes of the probable cause analysis, there is no meaningful difference between the Washington statute and the federal child pornography statutes."

graph is insufficient to establish probable cause because the first photograph falls within the fifth category of child pornography: "lascivious exhibition of the genitals or pubic area." Officer Lobdell's terse description, absent an accompanying photograph, is insufficient to establish probable cause that the photograph lasciviously exhibited the genitals or pubic area because his conclusory statement is an inherently subjective analysis and it is unclear if the photograph exhibited the young female's genitals or pubic area. *See Brunette*, 256 F.3d at 18-19.

**[5]** Officer Lobdell described the second image as depicting "another young female having sexual intercourse with an adult male." Both federal law and Washington law define "sexual intercourse" as "sexually explicit conduct." *Compare* 18 U.S.C. § 2256(2)(A) *with* Wash. Rev. Code § 9.68A.070. We explained in *United States v. Smith*, 795 F.2d 841 (9th Cir. 1986), that:

> The statement that the photographs depict sexually explicit conduct is similar to many other factual conclusions routinely accepted by courts in applications for warrants . . . . [F]actual conclusions are a normal, necessary, and perfectly acceptable part of an affidavit . . . .

*Id.* at 848 n.7. Under *Gates*, courts are directed to evaluate probable cause based on "all the circumstances set forth" in the warrant application. 462 U.S. at 238; *see also Smith*, 795 F.2d at 849 (stating that the warrant application "does not stand on the evaluation of the photographs alone"). The *Gates* approach "permits a balanced assessment of the relative weights of all the various indicia of reliability" surrounding informants' tips. *Gates*, 462 U.S. at 234.

**[6]** Significant to our ruling is the fact that the warrant application also included statements from Smith and her sister that the "Potter" folder on Battershell's computer had "pic-

tures that they believed were kids having sex." This statement is one circumstance that creates a fair probability that visual depictions of minors engaged in sexually explicit conduct will be found on Battershell's computer. Indeed, the circumstances presented in the warrant application show that the information provided by Smith and her sister was highly reliable. Smith was turning in her boyfriend, which enhances the credibility of her statement. Also, Smith and her sister did not give their information anonymously. Rather, their identities were "known to law enforcement and thus [they were] liable to repercussions" if they lied about what they had seen. *United States v. Harding*, 273 F. Supp. 2d 411, 419 (S.D.N.Y. 2003). Officer Lobdell corroborated the report by viewing samples of what the two women had discovered.

Battershell argues that the warrant application is invalid without the accompanying photographs or other support sufficient to permit the issuing magistrate to make an independent probable cause determination. Battershell grounds his claim on our decision in *Smith*. In *Smith*, we upheld a warrant to search the defendant's apartment that had issued based on a postal inspector's affidavit asserting that photos depicted "explicit sexual conduct." *Smith*, 795 F.2d at 848. Although we were "troubled by the fact that the government did not present and the magistrate did not see the photos in question before the warrant issued," *id.* at 847, we nonetheless upheld the warrant, in part because the language of the affidavit echoed the "quite specific" definitions of the child pornography statute and we determined that the magistrate could "reasonably consider[ ] the statement of an experienced postal inspector that the photos depicted 'sexually explicit conduct' . . . ." *Id.* at 848. We recognize, of course, that in some investigations of child pornography copies of the pictures sought may not be readily available even though probable cause to believe they exist may be established through other means.

**[7]** Indeed, a judge may properly issue a warrant based on factual descriptions of an image. *See P.J. Video*, 475 U.S. at

874 n.5 ("[W]e have never held that a magistrate must personally view allegedly obscene films prior to issuing a warrant authorizing their seizure. On the contrary, we think that a reasonably specific affidavit describing the content of a film generally provides an adequate basis for the magistrate to determine whether there is probable cause . . . ." (internal citation omitted)); *see also United States v. Chrobak*, 289 F.3d 1043, 1045 (8th Cir. 2002) (ruling that a magistrate may base probable cause on viewing images or on a description of them).

**[8]** Battershell relies on the First Circuit's decision in *United States v. Brunette*, however, to argue that the warrant application was insufficient to establish probable cause. In *Brunette*, the First Circuit determined that a warrant application, supported by the affiant's statement that the photograph at issue depicted "a prepubescent boy lasciviously displaying his genitals," was insufficient to establish probable cause. 256 F.3d at 17. The court held that "[o]rdinarily, a magistrate judge must view an image in order to determine whether it depicts the lascivious exhibition of a child's genitals." *Id.* at 19.

**[9]** With respect to the second photograph, this case is easily distinguishable from *Brunette* because it involves an image in one of the first four categories, (*i.e.*, sexual intercourse) while *Brunette* involved an image in the fifth category (*i.e.*, lasciviously displaying the genitals). The first four categories, with the possible exception of the fourth category, which is not at issue here, involve easily identifiable nouns that are not qualified by amorphous adjectives. As we stated in *Smith*, "[t]he affiant need only be able to identify the specific, clearly defined acts listed" in the statute, such as sexual intercourse or bestiality, and such conclusory statements are permissible to establish probable cause. 795 F.2d at 848 n.7. Elaborate and detailed descriptions are unnecessary because "[a]ny rational adult person can recognize sexually explicit conduct engaged in by children under the age of 16 when he sees it."

*United States v. Hurt*, 808 F.2d 707, 708 (9th Cir. 1987), *amending* 795 F.2d 765 (1986). Thus, the more demanding standard for establishing probable cause of "lascivious" images that the First Circuit employed in *Brunette* does not apply.

**[10]** It would have been preferable if the affiant in this case had included copies of the photographs in the warrant application. *See Smith*, 795 F.2d at 847. But failing to include a photograph in a warrant application is not fatal to establishing probable cause. *Id.* at 847-48. Indeed, a judge may properly issue a warrant based on factual descriptions of an image. *See P.J. Video*, 475 U.S. at 874 n.5. Officer Lobdell's description of the second photograph is sufficient to establish probable cause.

**[11]** Under the totality of the circumstances the warrant application, including Smith and her sister's statements and Officer Lobdell's report confirming their observations, established a fair probability that Battershell's computer contained images of sexually explicit conduct.

### C

**[12]** The only remaining question is whether the warrant application was sufficient to permit the judge to conclude it was fairly probable that the person engaged in the sexually explicit conduct depicted in the second photograph was a minor.

**[13]** Officer Lobdell described the first image as showing a naked "young female (8-10 YOA)." In the very next sentence, Officer Lobdell described the second picture as showing "another young female having sexual intercourse." The word, "another," is an adjective whose meaning is defined by its reference to an immediately preceding noun. Here, it refers to a "young female (8-10 YOA)." Having just used the term "young female" to mean a girl between the ages of eight and

ten, Officer Lobdell's use of the phrase "another young female" can only mean, grammatically, that he was describing another minor between the ages of eight and ten.

**[14]** Furthermore, Officer Lobdell noted in his report that the second young female was having sex with an "adult" male. His use of the term "adult" for the male, juxtaposed with the term "young" for the female, suggests that the female was not an "adult." Officer Lobdell concluded that the details in the two enlarged images "confirmed that the pictures were illegal to obtain." If Officer Lobdell did not think that the "young female" in the second picture was a minor, then he would not have said that the photograph was illegal to obtain.

Battershell argues that the warrant application was insufficient to establish probable cause absent an attached copy of the photographs or "some sort of meaningful confirmation" of the ages, such as the pediatrician's analysis in *Smith*. While a medical confirmation of the subject's age may be sufficient to establish probable cause absent an attached photograph, it is not necessary. Indeed, we have accepted, for purposes of an affidavit in support of a search warrant, the conclusory age estimates made by civilians and other untrained lay witnesses without demanding a detailed explanation of how the witnesses reached that conclusion. *See United States Wiegand*, 812 F.2d 1239, 1243 (9th Cir. 1987) ("Common sense suggests that most of the time one can tell the difference between a child and an adult."); *see also United States v. Hall*, 142 F.3d 988, 995 (7th Cir. 1998) (accepting a computer repairman's statement that images showed "minors"); *United States v. Peterson*, 294 F. Supp. 2d 797, 806 (D.S.C. 2003) (accepting a computer repairman's statement that images showed "pre-pubescent" boys).

**[15]** The issuing magistrate properly applied a practical, common-sense approach in light of the circumstances set forth in the affidavit, including Officer Lobdell's description of the two photographs and the statement of Smith and her

sister as to what they had seen before calling the police. This was sufficient to establish a fair probability that the person in the image was a child engaged in sexually explicit conduct with an adult. *See Gates*, 462 U.S. at 238.

## III

**[16]** The warrant application to search Battershell's computer established probable cause. The district court's decision denying Battershell's motion to suppress the evidence was correct and his conditional guilty plea and conviction are AFFIRMED.