**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert Charles LEE, Defendant— Appellant.**

**No. 05–30142.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2006.*

Decided Aug. 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karyn S. Johnson, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Miriam F. Schwartz, Esq., Colin Fieman, Esq., FPDWA—Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Defendant–Appellant Robert C. Lee appeals his conviction for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291 and we affirm the judgment of the district court. The facts are known to the parties and we do not recite them here.

The district court did not err when it denied Lee's motion to suppress evidence due to the allegedly unlawful search. It is beyond dispute that the community corrections officers had a well-founded suspicion that Lee had violated the conditions of his release. Under Washington law, such a reasonable suspicion justifies a search of the offender's residence. *See* Wash. Rev.Code § 9.94A.631. We have found Washington's probation search law reasonable, and have noted that "Washington law does not require that the search be necessary to confirm the suspicion of impermissible activity, or that it cease once the suspicion has been confirmed." *Unit-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed States v. Conway, 122 F.3d 841, 843 (9th Cir.1997).

■ The district court did not err when it denied the motion to suppress based on Lee's contention that the warrant lacked probable cause. We express no opinion on whether the warrant application established probable cause, although two of our recent decisions suggest that it was sufficient. See United States v. Hill, 459 F.3d 966 (9th Cir.2006); United States v. Battershell, 457 F.3d 1048 (9th Cir.2006). We instead hold that it is clear in this case that the officers relied on the warrant in good faith. See United States v. Leon, 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (holding that evidence should not be suppressed if police officers acted in reasonable reliance on a search warrant issued by a detached and neutral magistrate).

Lee also challenges the sufficiency of the evidence that showed that the images had been "shipped or transported" in interstate commerce. We are convinced that, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Shipsey, 363 F.3d 962, 971 n. 8 (9th Cir.2004) (quotation omitted).

The district court did not err when it denied Lee's as-applied constitutional challenge to 18 U.S.C. § 2252(a)(4)(B). The evidence establishes that Lee possessed child pornography that was produced for economic or commercial use, distinguishing this case from United States v. McCoy, 323 F.3d 1114 (9th Cir.2003). Lee's case is more closely analogous to United States v. Adams, in which we rejected a facial constitutional challenge to 18 U.S.C. § 2252(a)(4)(B) where the defendant had downloaded commercial child pornography. See 343 F.3d 1024, 1034 (2003) (noting that "[a]ny possession of commercial child pornography ... can produce [an] effect" on the national child pornography market).

■ Finally, the district court's decision to admit as evidence some of the child pornography images that Lee possessed was not an abuse of discretion. Although relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," see Fed.R.Evid. 403, "the prosecution is entitled to prove its case by evidence of its own choice," see Old Chief v. United States, 519 U.S. 172, 186, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Although Lee stipulated to the contents of the images, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Id. at 186–87, 117 S.Ct. 644. Unusually unfair circumstances can deprive a defendant of a fair trial, see, e.g., United States v. Merino–Balderrama, 146 F.3d 758 (9th Cir.1998), but the instant circumstances are not so compelling—this case does not leave us with a definite and firm conviction that the district court committed a clear error of judgment. See SEC v. Coldicutt, 258 F.3d 939, 941 (9th Cir.2001).

For the foregoing reasons, the judgment of the district court is AFFIRMED.