**UNITED STATES of America,
Petitioner—Appellee,**

v.

**Eric David MOYER, Defendant—
Appellant.**

**No. 07–30042.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 19, 2007.

Helen J. Brunner, Esq., Jill Otake, Esq., USSE, Office of the U.S. Attorney Seattle, WA, for Petitioner–Appellee.

Michael Filipovic, Esq. Robert H. Gombiner, Esq., Federal Public Defender's Office, Western District of Washington Seattle, WA, for Defendant–Appellant.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Eric David Moyer appeals the district court's denial of his motion to suppress evidence of child pornography obtained during the execution of a search warrant for his home computers and computer storage devices. This evidence led to Moyer's conditional guilty plea for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Moyer argues that the district court erred in finding probable cause to issue a search warrant. Probable cause requires only that, under the totality of the circumstances, there is a fair probability that evidence of a crime may be obtained by execution of a search warrant. *Illinois v. Gates*, 462 U.S. 213, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Moyer contends that the affidavit supporting the warrant application failed to present a fair probability that he downloaded child pornography from two websites to which he subscribed.[1] However, it was fairly probable from the information provided in the affidavit that evidence of his possession of child pornography would be obtained upon execution of the warrant. *See United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir.) (en banc), *cert. denied*, — U.S. —, 127 S.Ct. 578, 166 L.Ed.2d 432 (2006).

The affidavit explained that Moyer, convicted of distribution of child pornography

in 2000, paid $100 for a 30–day subscription to a website named "firelols" on January 12, 2006. To subscribe to firelols, Moyer had to access a payment webpage that required him to submit his address, telephone number, and e-mail address. On January 27, 2006, using the same payment webpage he had used to subscribe to firelols fifteen days earlier, Moyer paid $100 for a 30–day subscription to a website named "hotlols." The affidavit included detailed descriptions of two sample images found on firelols and two sample images found on hotlols. The affiant officer described his experience investigating child pornography and said that he confirmed that both websites exclusively contained child pornography. Also included in the affidavit was an explanation of computer technology and the use of computers by child pornography collectors.

■ Moyer's arguments that the affidavit does not support probable cause fail. First, Moyer argues that the court erred by relying on the descriptions of the sample photos and the affiant's statement that he confirmed that the websites exclusively contained child pornography to find probable cause to issue the warrant. While it is often preferable for magistrate judges to undertake an independent review of the actual images at issue in a child pornography case, we permit them to rely on an experienced officer's detailed descriptions of the images to find that a fair probability exists that the individuals depicted are children engaged in pornographic conduct. *See United States v. Battershell*, 457 F.3d 1048, 1051–53 (9th Cir.2006) ("[F]ailing to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. A magistrate judge's finding of probable cause for issuance of a search warrant is reviewed for clear error. *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir.

2004), *modified by* 425 F.3d 1248 (9th Cir. 2005). We review de novo a district court's denial of a motion to suppress evidence. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir.2004). We review the district court's factual findings underlying the denial of the motion to suppress for clear error. *Id.*

include a photograph in a warrant application is not fatal to establishing probable cause."); *United States v. Smith*, 795 F.2d 841, 848 n. 7 (9th Cir.1986) (noting that "experience-based factual conclusions," like age estimates, "are a normal, necessary, and perfectly acceptable part of an affidavit"). Likewise, the magistrate judge may rely on the accompanying conclusory statement by an affiant officer experienced in the investigation of child pornography crimes that the two websites at issue exclusively contain child pornography. *See Smith*, 795 F.2d at 848 ("[T]he magistrate reasonably considered the statement of an experienced postal inspector that the photos depicted 'sexually explicit conduct' within the statute.").

■ Second, Moyer contends that the absence of information in the affidavit relating to the preview images that Moyer would have encountered before subscribing to firelols and hotlols precluded the magistrate judge from finding that it was fairly probable that Moyer downloaded illegal images once he subscribed. But we have suggested that paid membership to a child pornography website "is both a small step and a giant leap." *Gourde*, 440 F.3d at 1070 ("Gourde's status as a member manifested his intention and desire to obtain illegal images."). It is Moyer's membership in these child pornography sites, rather than proof of what he saw initially when deciding to join, that is most material to the probable cause assessment. Moyer failed affirmatively to cancel his $100 membership to firelols and subsequently purchased a $100 membership to hotlols, subscribing through the same payment webpage he used to subscribe to firelols. The chronology of Moyer's subscriptions to two websites devoted to child pornography, his failure to cancel either member-

ship, his prior conviction for distribution of child pornography, and the common practice of child pornography collectors of storing illegal images on their home computers combine to create a fair probability that downloaded images from the firelols and hotlols websites would be found on Moyer's home computers. *See id.* at 1070–71 ("Gourde is different still from a person who actually mustered the money and nerve to become a member but, the next morning, suffered buyer's remorse or a belated fear of prosecution and cancelled his subscription.").

The magistrate judge did not err in finding probable cause to issue the search warrant, and the district court properly denied Moyer's motion to suppress the evidence obtained upon execution of the warrant.

**AFFIRMED.**