**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan PENA, aka John Pena,**
**Defendant—Appellant.**

**No. 07–30007.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Feb. 5, 2008.

---

Stephanie Whitaker, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Juan Pena challenges the district court's denial of his motion to suppress evidence of child pornography obtained pursuant to a search warrant for his home and personal computer. This evidence led to a conditional plea of guilty to distribution and receipt of child pornography under 18 U.S.C. § 2252A(a)(2)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The search warrant for Pena's home and computer was supported by affidavits from two investigating police officers, Officer Chad Detterman and Officer Tim Bardwell. As set forth in his affidavit, Detterman was conducting an on-line child pornography investigation posing as a fourteen-year-old girl. That investigation led him to a chat room titled "pre-ten89101112," where he solicited electronic correspondence from other members in the chat room. In response to that solicitation, Pena (operating under the screen name "Ucandoitagain") emailed Detterman several sexually explicit photographs of what appeared to be teenage and pre-teen girls. In his affidavit, Detterman estimated that the females depicted were between the ages of ten and fourteen. After determining that the "Ucandoitagain" screen name belonged to Pena, Detterman provided his affidavit and the photographs to Officer Bardwell. Bardwell's affidavit set forth in considerable detail the propensity of child pornographers to send and receive illegal material via the Internet and the tendency for those materials to be preserved on the offender's computer. Bardwell's affidavit did not provide specific age estimates for the females depicted in the photographs, although he noted that they all appeared to be minors. Bardwell later testified that, although he did not necessarily agree with the exact age estimates offered by Detterman, he believed that all the females depicted were under the age of eighteen. Neither officer had specific training to estimate ages, but both had experience and training in the investigation of child sexual offenses. A search warrant was issued for Pena's home and computer based on these affidavits. Although the photographs were available for review, the magistrate did not review them prior to issuing the warrant.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Pena challenges the officers' affidavits as insufficient to establish probable cause on the grounds that the age estimates they provided were simply uncorroborated "subjective, conclusory opinions," and that the warrant should not have issued because the magistrate failed to personally review the photographs. Pena also contends that Bardwell's failure to more explicitly express disagreement with Detterman's age estimates was a reckless omission of facts material to the issuance of the warrant.

## I. Standard of Review

A magistrate judge's finding of probable cause for issuance of a search warrant is reviewed for clear error. *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir. 2004). A district court's denial of a motion to suppress evidence is reviewed *de novo*. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir.2004). The factual findings underlying the denial of the motion, however, are reviewed for clear error. *Id.* A district court's findings regarding omissions and misrepresentations in affidavits supporting a search warrant are reviewed for clear error. *United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir.1992).

## II. Discussion

Probable cause requires only that under the "totality of the circumstances," there is a "fair probability" that evidence of a crime may be obtained from the search sought by the warrant. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir.2006) (en banc) (quoting *Illinois v. Gates*, 462 U.S. 213, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Here, examining the affidavits provided to the magistrate, it was at least fairly probable that evidence of child pornography would be obtained in the search sought by the warrant request. Pena sent sexually explicit photographs from a chat room titled "preten89101112"; the recipient of the photographs was operating with an on-line identity posing as a fourteen-year-old girl; the photographs depicted females that two police officers both agreed were minors; one of the affidavits contained a detailed recitation of how the Internet is used to peddle child pornography and the tendency of distributors of child pornography to maintain collections on their computers and in their homes. In sum, given the affidavits' description of the nature of the photographs and the context of their transmission, the magistrate did not clearly err in determining that there was a "fair probability" that child pornography would be obtained with the warrant. *See Gourde*, 440 F.3d at 1069.

Pena's arguments to defeat probable cause—the magistrate failed to review the photographs and the officers' age estimates were too subjective—both fail. While we continue to recognize that the "ideal course" is for a magistrate to actually review the subject photographs in child pornography cases, we likewise continue to adhere to the view that the failure to do so is not fatal to probable cause where, as here, the pictures are sufficiently described in the affidavit. *United States v. Smith*, 795 F.2d 841, 847–49 (9th Cir.1986). *See also New York v. P.J. Video, Inc.*, 475 U.S. 868, 874 n. 5, 106 S.Ct. 1610, 89 L.Ed.2d 871 (1986) ("[A] reasonably specific affidavit describing the content of a film generally provides an adequate basis for the magistrate to determine whether there is probable cause...."); *United States v. Battershell*, 457 F.3d 1048, 1053 (9th Cir. 2006) ("[F]ailing to include a photograph in a warrant application is not fatal to establishing probable cause.").

Likewise, in the context of child pornography cases, in order to support probable cause we have accepted affidavits with

"conclusory age estimates made by civilians and other untrained lay witnesses without demanding a detailed explanation of how the witnesses reached that conclusion." *Battershell*, 457 F.3d at 1054. Although a degree of subjectivity is inevitable when providing estimates of the sort the officers provided, "experience-based factual conclusions are a normal, necessary, and perfectly acceptable part of an affidavit." *Smith*, 795 F.2d at 848 n. 7 (noting that age estimates are the type of facts that can be averred to in an affidavit based on prior relevant experience). Here, particularly given both officers' experience investigating child pornography and related offenses, we are unwilling to reject those age estimates as so unfounded that it was clear error for the magistrate to rely on them for issuance of the warrant.[1]

Nor were there any facts misleadingly omitted from Officer Bardwell's affidavit. A warrant may be invalidated if it is based on an affidavit that contains "deliberate or reckless omissions of facts that tend to mislead." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.1985); *see also Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Bardwell's affidavit and his testimony at the *Franks* hearing were consistent—he believed that the females depicted in the photographs were minors. The fact that Bardwell may have held a different view as to the specific ages of the females depicted is not a reckless omission, but rather a difference of opinion. *United States v. Meek*, 366 F.3d 705, 716 (9th Cir.2004) ("[Defendant] claims the affidavit intentionally or recklessly misled the magistrate by stating that [the defendant] sent the minor a sexually graphic photograph of a 'young boy' when, according to another officer, the photograph was a male of indeterminate age. This claimed discrepancy is a difference of opinion."). Bardwell believed the females were minors; he did not need to further state that it was possible they were minors with different ages than those estimated by Detterman. *United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir.1987) ("The mere fact that the affiant did not list every conceivable conclusion does not taint the validity of the affidavit."). Here, both opinions supported probable cause.

The district court's denial of Pena's motion to suppress based on the four-corners of the affidavits was proper. Similarly, there was no reckless or deliberate omission in the affidavits material to the magistrate judge's finding of probable cause. AFFIRMED.

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

Considering just how intrusive a computer search and seizure is for all sorts of information unrelated to crime, great care is needed in evaluating whether there is probable cause.[1] I do not think that the

---

1. The dissent implies that the testimony of Dr. Simms, the pediatrician called by the United States at the suppression hearing, casts doubt on the reliability of the officers' age estimates. That characterization is belied by the record. In truth, Dr. Simms testified that it was "reasonable" for the officers to estimate that all of the females depicted in the photographs were under the age of eighteen. The testimony apparently relied on by the dissent is Dr. Simms's later statement that without a birth certificate it is, unsurprisingly, impossible "to determine [a person's] *exact* age." We do not, however, require this kind of mathematical precision to establish probable cause. *Gourde*, 440 F.3d at 1069 (probable cause does not require "certainty or even a preponderance of the evidence").

1. *See United States v. Gourde*, 440 F.3d 1065, 1077–78 (9th Cir.2006) (Kleinfeld, dissenting)

search warrant affidavits of the Washington and Ohio police officers established a "fair probability" sufficient for probable cause.[2] Although that standard is lower than "certainty or even a preponderance of evidence," it is higher than the mere suspicion that would be required for a *Terry* stop.[3]

The pictures at issue were not shown to the magistrate who issued the search warrant, so all he had were the affidavits of the Ohio police officer and the Washington police officer. The Ohio police officer described the four females pictured as being "approximately fourteen," "approximately fourteen," "approximately ten or eleven," and "approximately ten to twelve." The Washington police officer wrote that "the ages of the females are difficult to estimate," but "the females did appear to be minors," which would mean under eighteen. Without seeing the pictures, I do not see how the magistrate could accept the two affidavits as establishing probable cause to believe that the four females were under eighteen.

Though the majority disposition only mentions it in a footnote, the prosecution presented extensive testimony from a pediatrician, Dr. Simms, at the suppression hearing. The pediatrician said that he could not conclude that any one of the females pictured was under eighteen without looking at a birth certificate. When asked about each picture, Simms declined to firmly state that the females depicted were under the age of eighteen. At most, he was equivocal.

When looking at image seven, he testified that the female "was more likely under the age of eighteen," but it was "possible" that she was over the age of eighteen. For image eight, when asked whether the female depicted was over or under eighteen, Simms responded, "I don't know." For image nine, Simms testified that the female depicted "could be younger than fourteen and could be older than fourteen," and that it is "possible [that she] is over the age of eighteen." He paused after describing image nine and said, "if somebody told me that this girl that we're looking at right now in image nine was under eighteen, that's totally believable to me. But if she was twenty-two, that would be also totally believable. There's just that much range variation among females' development." When looking at image ten, Simms stated that "I really couldn't tell you that she's older or younger than eighteen. If she told me she was younger than eighteen, that would totally fit ... [b]ut if she said she was over eighteen, that would be totally possible as well ... I wouldn't be surprised either way". Finally, when looking at image eleven, Simms couldn't conclude whether the female depicted was under the age of eighteen. Simms had no idea whether it was "more likely than not that she's over or under the age of eighteen."

The name of the chat room in this case is not as obviously suggestive that there would be pictures of underage females as the web site in *Gourde*.[4] This case is also not like *United States v. Battershell*.[5] Probably anyone can distinguish an eight to ten year old, as in that case, from an eighteen year old, but it is not obvious whether someone is fourteen or eighteen.

(describing the many private and perfectly legal things people store on their computers).

**2.** *Illinois v. Gates,* 462 U.S. 213, 246, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

**3.** *Gourde,* 440 F.3d at 1069.

**4.** *Gourde,* 440 F.3d at 1067.

**5.** *United States v. Battershell,* 457 F.3d 1048 (9th Cir.2006).

The chat room name here, "preten89101112," could mean "preteen," or it could mean, "pretend." Though the briefs do not mention any significance of the numbers, government counsel suggested at oral argument that they should be read as ages, 8, 9, and so forth, but neither the affidavits presented to the magistrate nor counsel pointed this out before, so it is not reasonable to think that the magistrate spotted the significance of the number series and relied on it. Pena's screen name, "ucandoitagain," apparently refers to his impotence, and has no apparent connection to young girls.

There is nothing in the affidavits to establish that Pena would have seen the Ohio police officer's self-description as a fourteen year old female. As the majority concedes, the police officers really did not agree, and the Washington police officer carefully avoided expressing his own agreement under oath with the Ohio police officer's estimate that two of the four girls were approximately ten, eleven, or twelve years old.

Without the pictures, without agreement from the police officers that the girls were pre-pubertal, and without a more plainly suggestive site name or solicitation, and with what the prosecutor's pediatrician testified was the impossibility of telling a teenaged female under eighteen from a teenaged female over eighteen without a birth certificate, I do not think the affidavits established probable cause.