**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Courtney BREAULT, Defendant–Appellant.**

**No. 08–50422.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2009.

Filed Aug. 31, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Anne Caitlin Gannon, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Leon Peterson, Esquire, FPDCA–Federal Public Defender's Office, Santa Ana, CA, Kurt J. Mayer, Assistant Federal Public Defender, Office of the Federal Public Defender, Los Angeles, CA, for Defendant–Appellant.

■■■■■■■■■■■■■■■■■

Before: CANBY, WARDLAW and CALLAHAN, Circuit Judges.

### MEMORANDUM *

John Courtney Breault ("Breault") appeals his conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and his lifetime term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the conviction and sentence.[1]

■ We review de novo the district court's denial of Breault's motion to suppress, *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir.2007), and conclude that the warrant to search his home and computer for items showing the sexual exploitation of a child in violation of California Penal Code § 311.3 was supported by probable cause.[2] In determining whether to issue a search warrant, the magistrate is tasked with making "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (citation omitted).

Here, the affidavit explained that just prior to his police interview, Breault had been surreptitiously videotaping children on an elementary school playground while "touching" himself. The affidavit also ex-

plained that Breault admitted that he (1) was sexually attracted to girls around the age of 11 and 12; (2) "hunted" on the internet using the search term "Lolitas," which revealed images of "clothed and unclothed" young girls, and (3) had done so using the computer at his home. These facts established a fair probability that his computer would contain materials depicting the sexual exploitation of a child in violation of California Penal Code § 311.3. Breault's admissions and conduct distinguish this case from those where probable cause was based solely on the description of images on a suspect's computer. *See, e.g., United States v. Battershell*, 457 F.3d 1048, 1051, 1052–53 (9th Cir.2006) (holding that an affidavit's description of an image must meet the statutory definition of child pornography to establish probable cause). From the totality of circumstances in this case, we conclude that probable cause existed to issue the warrant.

■ We also affirm the district court's findings that Breault was not in custody during his initial encounter with the police or during his interview at the police station. We review for clear error the district court's determination that both encounters were consensual and not custodial. *United States v. Erwin*, 803 F.2d 1505, 1508 (9th Cir.1986). The record supports the district court's findings: the officers who confronted Breault on the beach never told him that he was under arrest, never used handcuffs, and did not display their firearms. Even assuming that the officers' continued questioning of Breault amounted to an investigative detention,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we repeat them here only as necessary.

2. We reject the government's contention that Breault waived his present challenge to the warrant by failing to raise it in district court. Breault's objections in district court that the warrant lacked probable cause were sufficient to preserve the probable cause arguments raised here.

such questioning was reasonable under the circumstances and did not unlawfully prolong the purported detention. *See Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). The officers had been called to the scene in response to complaints that a man was surreptitiously filming elementary school children, and they determined after initial questioning that Breault was not wearing underwear, had wet spots on his shirt and KY–jelly on his hand, had been "touching" himself while filming the children, and had recently taken methamphetamine. These facts were sufficient to create a reasonable suspicion that Breault was engaged in some kind of criminal activity and may have posed a danger to the children, thus justifying further investigation. *See United States v. Turvin*, 517 F.3d 1097, 1103–04 (9th Cir.2008). More importantly, subsequent to this initial encounter, Breault unequivocally told the detectives who interviewed him that he had come to the police station of his own volition and understood that he was not under arrest.

■ We review for reasonableness the district court's imposition of the lifetime term of supervised release, *United States v. Cope*, 527 F.3d 944, 952 (9th Cir.2008), and we affirm. We find no significant procedural error in the imposition of the term and cannot say that it is substantively unreasonable. *See United States v. Daniels*, 541 F.3d 915, 921 (9th Cir.2008) (citations omitted). The district court's references to the pre-sentence report and the parties' position papers served as sufficient explanation for its imposition of the term of supervised release. *Id.* at 921–22. Moreover, the district court clearly expressed its view that the lifetime term was appropriate, citing "congressional intent" to that effect and the nature of Breault's

offense. *See* 18 U.S.C. § 3583(k) (providing for a term of supervised release ranging from five years to life for sex offenses).

The lifetime term was reasonable regardless of the district court's indication that Breault could move to modify it at a later date. The United States Sentencing Guidelines indicate a preference for the lifetime term, and the record shows that Breault was not merely an idle viewer of child pornography. Not only was he apprehended after surreptitiously filming elementary-aged children for prurient reasons, but he admitted in the police interview that his inappropriate interest with children was "progressing."

**AFFIRMED.**