**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30113 |
| Plaintiff - Appellee, | D.C. No. CR-08-105-GF-SEH |
| v. | |
| GAYLE EVERETT PATRICK, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 4, 2010
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LASNIK, [**]
Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert S. Lasnik, United States Chief District Judge
for the Western District of Washington, sitting by designation.

Gayle Everett Patrick appeals his jury conviction and sentence for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Patrick's home computer contained over 2,800 images of child pornography, which were initially discovered by a computer repair technician who reported what he saw to local law enforcement.

On appeal, Patrick contends that the search warrants for his computer were not supported by probable cause. This court has explained, "To withstand review, we must determine that the warrant application made a sufficient showing that there was probable cause for the magistrate to believe that the pictures likely to be found on [the defendant's] computer depicted: (1) sexually explicit conduct; and (2) a minor engaged in that conduct." *United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006). In this case, the computer technician informed law enforcement that he personally observed images on Patrick's computer of "very young girls in sexual acts, and some were fully undressed." ER 234. The application for the search warrant indicated that the computer technician had observed on Patrick's computer "pornographic pictures of children involved in sexual acts." ER 99. The warrant application continued, "Scheffelmear saw what he described as pictures of young children engaged in sexual activities. Scheffelmear estimated that the children so depicted were younger than sixteen

years of age." ER 100. The warrant application described conduct that falls within the statutory definition of "sexually explicit conduct." 18 U.S.C. § 2256(2)(A). Accordingly, the affidavit in this case met both of the *Battershell* requirements and was sufficient to demonstrate probable cause.

Patrick complains that the technician's report was uncorroborated and unreliable. Corroboration was not required under the circumstances because the technician's report was based on first-hand knowledge and reliable. Because the citizen informant did not provide his information anonymously, he could have been subject to prosecution if he was untruthful, which supports a finding of reliability. *Battershell*, 457 F.3d at 1052. Moreover, there were no inconsistencies in the technician's report, no evidence of any motive to lie, and no evidence of other issues that should have caused the officers or the justice of the peace who issued the warrant to question his veracity. Although Patrick complains that the technician's description of what he saw was insufficiently detailed and the warrant application failed to attach copies of the pornographic images, neither additional description nor attachment of copies was required because the images depicted pornographic conduct. *See, e.g.*, *United States v. Hurt*, 795 F.2d 765, 772 (9th Cir. 1986), *as amended*, 808 F.2d 707, 708 (9th Cir. 1987) ("Any rational adult person can recognize sexually explicit conduct engaged in by children under the age of 16

when he sees it."); *Battershell*, 457 F.3d at 1053 (explaining that "failing to include a photograph in a warrant application is not fatal to establishing probable cause;" "a judge may properly issue a warrant based on factual descriptions of an image."). Therefore, the warrant application to seize the computer was supported by probable cause. Although Patrick contends that the warrant application to search its contents was also deficient, that contention is based on the same arguments set forth above and fails for the same reasons. In addition, by that point, Patrick had made incriminating admissions that the child pornography images on the computer were his. The warrants were supported by probable cause.

Patrick also argues that the district court erred in refusing to allow him to cross-examine the local sheriff regarding his statement in the warrant application that people who possess child pornography can hide images and "booby trap" the computer to avoid detection. However, the topic was well beyond the scope of direct examination and was undisputedly not relevant to the sheriff's bias or motivation. In addition, the district court permitted Patrick to briefly cross-examine the sheriff on the topic, and it permitted him to cross-examine the government's forensic examiner regarding the same issue. The testimony elicited from both witnesses was sufficient to permit Patrick to later argue his theory to the jury. Accordingly, the district court did not err.

-4-

Patrick also contends that there was insufficient evidence to convict him of knowingly possessing child pornography. However, there was ample evidence to convict: at trial, Patrick stipulated that 2,823 images of child pornography were found on his computer, that those images had traveled in interstate or foreign commerce via the Internet, and that he was the owner of the computer. Moreover, there was evidence that only Patrick had access to the password-protected files on the computer where the pornographic images were located.

Although Patrick contends that his sentence was too long for a seventy-one-year-old first-time offender, Patrick's sentence was not unreasonable given the number and nature of the images and his refusal to accept responsibility. The district court also appropriately considered the advisory Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors.

**AFFIRMED.**

FILED

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*U.S. v. Patrick*, Case No. 09-30113
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.