**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30137 |
| Plaintiff-Appellee, | D.C.2:12-cr-00260-RAJ-1 |
| v. | |
| PHILLIP ALLEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted July 10, 2014
Seattle, Washington

Before: MURGUIA and TASHIMA, Circuit Judges, and CARNEY, District
Judge.**

Defendant-appellant Phillip Allen appeals the district court's denial of his

motions to suppress evidence obtained as a result of a warrant to search his e-mail

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

account. Allen entered a conditional guilty plea to Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a). We affirm.

We review a district court's denial of a timely motion to suppress evidence *de novo*, and we review the magistrate's finding of probable cause to issue a search warrant for clear error. *United States v. Battershell*, 457 F.3d 1048, 1050 (9th Cir. 2006). A magistrate's finding of probable cause is entitled to "great deference." *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238.

The magistrate did not clearly err in finding probable cause to issue a warrant to search Allen's e-mail account, entooyung@yahoo.com (the "entooyung account"). Special Agent Barrett's supporting affidavit described that an e-mail was sent to the entooyung account by David Bostic, a known trader of child pornography, that 11 images of child pornography or suspected child pornography were attached to that e-mail, and that Bostic included a message requesting that Allen respond by sending pornographic images of a specific female child to which Allen had access. Bostic's message implies prior communication between himself

and Allen, and makes reasonable the inference that Allen was not an unwitting recipient of the e-mail. These facts—considered together with the strong inference created by the e-mail moniker "entooyung" that its user has an interest in children—provided the requisite probable cause that evidence of the possession, distribution, or receipt of child pornography would be found within the entooyung account.

The warrant was not made deficient by Special Agent Barrett's decision to describe the offending images in the text of his affidavit, rather than attach any of the images to it. The images were sent to Allen by a known trader of child pornography, leaving no reason to question that they were in fact images of children. *See United States v. Gourde*, 440 F.3d 1065, 1070 (9th Cir. 2006) (en banc) ( "[T]he magistrate judge had no reason to question whether the images described constituted child pornography because the [website] owner himself acknowledged he purveyed illegal images."). It was also not misleading for Special Agent Barrett to attest that Allen "received" an e-mail from Bostic. Special Agent Barrett merely conveyed that the e-mail had been successfully delivered to Allen's account, not that it had been opened by him. *See id.* at 1069 (noting that a warrant should be evaluated through a "commonsense" rather than "hypertechnical" analysis).

3

Nor was the warrant overbroad. The warrant was supported by probable cause to believe that evidence of child pornography-related crimes would be found in the entooyung account, and it described with reasonable particularity which items could be seized from the account. *See United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993) ("[T]he scope of the warrant [must] be limited by the probable cause on which the warrant is based." (internal quotation marks omitted)).

Finally, the district court did not abuse its discretion in refusing to consider the merits of Allen's second, untimely motion to suppress evidence found as a result of the search of the entooyung account. *See United States v. Tekle*, 329 F.3d 1108, 1112 (9th Cir. 2003) (reviewing the denial of an untimely motion to suppress for abuse of discretion). Because the second motion did not present any new evidence that was not readily available to or considered by the district court in denying the first motion to suppress, the district court properly found that there was no good cause to consider the untimely motion. *See* Fed R. Crim. P. 12(e) (permitting a court to grant relief from the waiver of an untimely argument "for good cause"). Contrary to Allen's contention, Special Agent Barrett's affidavit did not omit the material fact that only one e-mail had been exchanged between Bostic and Allen. Indeed, that fact was apparent from the face of the affidavit, which described only one e-mail.

**AFFIRMED.**