**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30254 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00096-RSM-1 |
| v. | |
| CHARLES GLENN PERKINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted July 7, 2014
Seattle, Washington

Before: KLEINFELD, TASHIMA, and MURGUIA, Circuit Judges.

Charles Glenn Perkins appeals from the district court's denial of his motion

to suppress evidence and alternative request for a hearing under *Franks v.*

*Delaware*, 438 U.S. 154 (1978). We conclude that the district court erred in not

granting Perkins a *Franks* hearing. We do not reach his motion to suppress.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

"A defendant is entitled to a *Franks* hearing only if he makes . . . 'a substantial preliminary showing that the affidavit contain[ed] intentionally or recklessly false statements, and . . . [that] the affidavit purged of its falsities would not be sufficient to support a finding of probable cause.'" *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir. 2000) (alterations in original) (quoting *United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995)).

Perkins has made a substantial preliminary showing that two factual omissions were recklessly or deliberately made by a Homeland Security Investigations ("HSI") agent applying for a warrant to search Perkins' home for child pornography. First, although the warrant affidavit stated that Perkins had been charged with possession of child pornography in Canada, it did not state that the charge was dropped. This is precisely the kind of fact "required to prevent technically true statements in the affidavit from being misleading." *United States v. Stanert*, 762 F.2d 775, 781 *amended*, 769 F.2d 1410 (9th Cir. 1985).

Second, the affidavit omitted potentially relevant information. This information included details of the images suggesting that the images were not pornographic, which was included in the Canadian official's descriptions but omitted from the HSI agent's descriptions. The HSI agent also omitted the Canadian official's observation that the images had no "obvious sexual purpose."

2

These omissions were compounded by the omission of copies of the images at issue. These images were asserted to be pornographic because they involved "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2)(A)(v). Whether an image meets this standard "turns on the meaning of 'lascivious,' [which] is far more subjective and open to interpretation" than whether an image is pornographic because it portrays sexual acts. *United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006). Thus, "[i]f the magistrate had been able to view the two images for himself, his analysis and our subsequent review might be different." *United States v. Hill*, 459 F.3d 966, 971 n.6 (9th Cir. 2006). While failure to attach the images is not necessarily fatal to the establishment of probable cause, it is preferable that the magistrate be given the opportunity to evaluate them independently. *Battershell*, 457 F.3d at 1053.

The cumulative effect of including the omitted details in the affidavit would have been to undermine the affidavit's assertion that Perkins was known to have possessed child pornography, and this would have deprived the "magistrate [of] a substantial basis for concluding that probable cause existed." *Stanert*, 762 F.2d at 782. Perkins' convictions for incest and child molestation, which are both more than 24 years old, do not by themselves establish probable cause to search his

3

house for child pornography. *See United States v. Needham*, 718 F.3d 1190, 1195 (9th Cir. 2013). Perkins was therefore entitled to a *Franks* hearing.

We **REVERSE** the judgment of the district court and **REMAND** for further proceedings.