MURGUIA, Circuit Judge,
dissenting:
Charles Perkins was arrested when he attempted to pass through airport security in Toronto, Canada while carrying a laptop that contained two images of nude female children. A later search of his home computer revealed that Perkins collected more than 600 images and 10 videos of child pornography. Today, the majority holds that Perkins cannot be convicted for his collection. The majority makes three fatal errors: it fails to afford the district court its due deference, retroactively applies a new rule that is likely unsupported by our case law, and improperly weighs the totality of circumstances in a probable cause determination.
First, the majority’s review of cold hearing transcripts leads it to mistakenly conclude that the district court judge who heard -live testimony could not plausibly believe Agent Ensley. Second, even assuming that Agent Ensley made reckless omissions in his probable cause affidavit, his failure to include the two images in his search warrant application cannot be con *1124 sidered reckless or deliberate because Agent Ensley was under no obligation at that time to produce the images in the first place. Finally, even assuming Agent Ens-ley was somehow reckless in not including the images in the search warrant application, the totality of the circumstances described in a corrected application — which would include copies of the images, Agent Ensley’s expert conclusion that one of the images was child pornography, and Perkins’ previous convictions for incest and child molestation — would have supported probable cause for the search warrant. Because the majority misinterprets the evidence and misapplies the law, I respectfully dissent.
I.
In 2014, Perkins appealed to this panel the district court’s denial of his motion to suppress evidence and alternative request for a Franks hearing. Under Franks, a criminal defendant may challenge a probable cause determination that was based on false or incomplete information. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). A Franks hearing has two steps. United States v. Martinez-Garcia, 397 F.3d 1205, 1214-15 (9th Cir. 2005). First, the court evaluates whether the affiant officer intentionally or recklessly lied or omitted material information in attempting to secure a search warrant. Id. If the officer did not act intentionally or recklessly, the Franks challenge fails. Ewing v. City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009). If the officer did act intentionally or recklessly, the court proceeds to the second step and inquires “whether the affidavit, once corrected and supplemented, establishes probable cause.” Id. If there is still probable cause for the warrant after considering the wrongfully omitted information, the defendant’s motion to suppress must be denied. United States v. Ruiz, 758 F.3d 1144, 1148 (9th Cir. 2014) (“If probable cause remains after amendment, then no constitutional error has occurred.” (internal quotation marks omitted)).
In 2014, we concluded that the district court erred by not granting Perkins a Franks hearing, because “Perkins ... made a substantial preliminary showing that two factual omissions were recklessly or deliberately made by [Agent Ensley] applying for a warrant to search Perkins’ home for child pornography.” United States v. Perkins, 583 Fed.Appx. 796, 797 (9th Cir. 2014) (emphasis added). We clearly identified the two factual omissions. “First, although the warrant affidavit stated that Perkins had been charged with possession of child pornography in Canada, it did not state that the charge was dropped.” Id. “Second, the affidavit omitted ... details of the images suggesting that the images were not pornographic,” including “the Canadian official’s observation that the images had no ‘obvious sexual purpose.’ ” Id. Contrary to the majority’s claim, we did not conclude that Perkins made a substantial preliminary showing that Agent Ensley recklessly or deliberately omitted “copies of the images.” In fact, we merely noted that the two omissions described above “were compounded by the omission of copies of the images,” but that “failure to attach the images is not necessarily fatal to the establishment of probable cause.” Id.
On remand, the district court held a Franks hearing and determined, under the first step of Franks, that Agent Ensley did not recklessly or deliberately omit from his probable cause affidavit the Canadian official’s descriptions of the images or the fact that Canada dropped the charges against Perkins. United States v. Perkins, No. CR13-96 RSM, 2015 WL 630934, at *3 (W.D. Wash. Feb. 12, 2015). Given that we *1125 identified these two factual omissions as the only two potentially reckless or deliberate omissions Agent Ensley made, Perkins, 583 Fed.Appx. at 797, the district court did not, and was not required to, consider whether Agent Ensley recklessly or deliberately omitted the actual images from the search warrant application. The district court’s' final order is now before this panel.
After holding a Franks hearing, a district court’s determination that an officer did not intentionally or recklessly omit information is reviewed for clear error. Martinez-Garcia, 397 F.3d at 1215 n.5. This is a high standard, which by design is difficult to meet. See, e.g., Ocean Garden, Inc. v. Marktrade Co., Inc., 953 F.2d 500, 502 (9th Cir. 1991) (“[T]o be clearly erroneous, a decision must strike us as wrong with the force of a five-week old, unrefrigerated dead fish.” (internal quotation marks and ellipsis omitted)). “If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
In this case, the majority fails to give the district court the deference that our case law requires. The district court found that “Agent Ensley was completely truthful and forthright” and concluded that “Agent Ensley did not intentionally or recklessly omit material information in order to mislead the magistrate judge.” Perkins, 2015 WL 630934, at *3.
The district court’s conclusion is not clearly erroneous. Agent Ensley, an expert in combatting child pornography and child exploitation crimes, adequately explained to the district court that he omitted the Canadian no-charge decision because of the differences between the Canadian and American definitions of child pornography. He. explained that the genital or pubic area of an individual has to be the prominent feature in the image to qualify as child pornography in Canada. Canadian law defines child pornography as the visual representation of a child where the “dominant characteristic ... is the depiction, for a sexual purpose, of a sexual organ.” Criminal Code of Canada, R.S.C. 1986, ch. C-46, § 163.1(l)(ii). This “dominant purpose” test is a strict requirement that does not have a perfect match in U.S. law. In the United States, an image can be pornographic if it is “lascivious” — a test that involves a non-exclusive list of six factors that we have said is “merely a starting point for determining whether a particular image is so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur.” United States v. Overton, 573 F.3d 679, 686 (9th Cir. 2009) (internal quotation marks omitted). Agent Ensley also said that it never occurred to him to mention the Canadian detective’s no-charge decision, and that foreign officials’ charging decisions do not affect his evaluation of whether a suspect has violated U.S. law. Agent Ensley’s decision for omitting the Canadian no-charge decision was reasonable.
More importantly, the district court’s account of Agent Ensley’s explanation was surely plausible. See Anderson, 470 U.S. at 573-74, 105 S.Ct. 1504. After watching and listening to Agent Ensley testify in court about his thought process, the district court credited Agent Ensley’s testimony in its entirety and found that he did not intentionally or recklessly omit information. Given that a reviewing court’s level of deference is even greater “[wjhen findings are based on determinations regarding the credibility of witnesses” because “only the trial judge can be aware of *1126 the [witness’s] demeanor,” id., at 575, 105 S.Ct. 1504, it is not a surprise that we have apparently never before held that a district court committed clear error by crediting an officer’s explanation for an omission; This case should not be the first time we do so.
I cannot agree with the majority’s determination that the district court judge, who observed Agent Ensley’s testimony, came 'to an implausible conclusion about Agent Énsley’s motivations. I would affirm the district court’s decision at the first step of the Franks analysis and limit the probable cause inquiry to Agent Ensley’s affidavit. See Ewing, 588 F.3d at 1224 (finding that good faith or negligent omissions will not invalidate an affidavit that establishes probable cause). Instead, the majority is putting itself in the shoes of the district court and weighing the evidence differently, which we are not allowed to do.
II.
Even assuming that Agent Ensley committed some reckless omissions in his probable cause affidavit, Agent Ensley’s failure to include the two challenged images in his search warrant application cannot be considered a reckless omission. At the time Agent Ensley submitted his application, it was the custom in the Western District of Washington to not produce the images as part of a search warrant application. And our ease law did not clearly establish that copies of images alleged to be “lascivious” under § 2256(2)(A)(v) needed to be included in a search warrant application.
The majority concludes that Agent Ensley recklessly omitted from the search warrant, application: “(1) the fact that Canadian authorities dropped the child pornography possession charge against Perkins; (2) important portions of [the Canadian detective’s] description of the 989.jpg image; and (3) copies of the images.” Thus, according to the majority, a corrected affidavit would have included Agent Ensley’s affidavit, supplemented by (1) statements that the Canadian authorities dropped any charges against Perkins, (2) the Canadian detective’s descriptions of 989.jpg, and (3) the actual images. Since the images would be produced, the majority concludes, Agent Ensley’s written description of the images would be irrelevant. I disagree with the majority’s description of what was required to be included in the corrected affidavit. Because Agent Ensley did not recklessly omit the images, the corrected affidavit need not include the images, and Agent Ensley’s expert descriptions of the images would not be extraneous.
The majority justifies its conclusion that Agent Ensley recklessly omitted copies of the images by stating “[g]iven the circumstances of this. case, Agent Ensley was required to provide copies of the images for the magistrate’s independent review.” In so holding, the majority does not clearly identify what “circumstances of this case” required production of the image. The majority’s holding appears to suggest that any search warrant application based on potential violations of 18 U.S.C. § 2256(2)(A)(v), which defines child pornography as the “lascivious exhibition of the genitals or pubic area of any person,” must be accompanied by copies of the images. The majority relies heavily on United States v. Battershell, 457 F.3d 1048 (9th Cir. 2006), in support of this new rule. But Battershell never articulated a rule that search warrant applications based on violations of § 2256(2)(A)(v) must always contain copies of the images. In fact, the Battershell court specifically stated that “failing to include a photograph in a warrant application is not fatal to establishing probable cause. Indeed, a judge may prop *1127 erly issue a warrant based on factual descriptions of an image.” Id. at 1053 (citations omitted).[1]
Certainly, the Battershell court stated that the fifth category of child pornography, identified in § 2256(2)(A)(v), is more subjective and open to interpretation than the first four categories, identified in § 2256(2) (A) (i)-(iv). Id. at 1051.[2] But Bat-tershell stopped short of establishing the rule that the majority sets forth today. The majority relies heavily on the statement in Battershell that the officer’s “terse description,- absent an accompanying photograph, is insufficient to establish probable cause that the photograph lasciviously exhibited the genitals.” Id. But the description of the image in Battershell was significantly terser than Agent Ensley’s thorough description in this case. In Bat-tershell, the officer described a photograph as “a young female (8-10 YOA) naked in a bathtub.” Id. That description likely fails to meet § 2256(2)(A)(v)’s definition of “lascivious exhibition of the genitals or pubic area of any person.” As the Battershell court pointed out, the description fails to make clear whether the photograph even “exhibited the young female’s genitals or pubic area.” Id. Contrast that “terse” description with Agent Ensley’s, which clearly states that the girl’s genitals are visible:
Filename 989.jpg
File Path: c*users*eperk*pie-tures*0989.jpg
Description: This color image depicts a white female (hereinafter referred to as “child victim”) sitting on what appears to be a bed with one arm stretched out taking a picture of herself. The child victim is completely nude and can been [sic] seen in the image from her upper thigh area to the top of her forehead. The child victim’s breasts and genital area are' clearly visible. The child victim’s breasts indicate characteristics of possible early stages of puberty. However, the child victim has no visible pubic hair. The child victim is young in appearance and appears to be between twelve and fourteen years of age.
Battershell simply does not stand for the majority’s proposed rule that search warrant applications based on violations of § 2256(2)(A)(v) must contain copies of the images.[3] Since there was ' no clear rule requiring an agent to include copies of the images at the time Agent Ensley submitted his search warrant application, Agent Ensley could not have recklessly or deliberately omitted the copies.[4]
*1128 I therefore disagree that a corrected affidavit in this case must include copies of the images. Instead, I believe a corrected affidavit need only include what the majority describes as “(1) the fact that Canadian authorities dropped the child pornography possession charge against Perkins [and] (2) important portions of [the Canadian Detective’s] description of the 989.jpg image.”
III.
Finally, even assuming Agent Ensley was somehow reckless in not producing the images, probable cause for the search warrant would still exist based on a corrected affidavit that included copies of the images, Agent Ensley’s expert conclusion that one of the images was child pornography, and Perkins’ previous convictions for incest and child molestation.
Ultimately, the omissions identified by the majority were immaterial. A corrected affidavit that included the images would still have included Agent Ensley’s statement “I have reviewed these images of suspected child pornography and would conclude that the image ‘989.jpg.’ meets the federal definition of child pornography.” The majority fails to adequately address the fact that Agent Ensley’s expert conclusion that one of the images was child pornography would remain in a corrected affidavit. The images in this case are at the very least borderline child pornography. And a magistrate judge reviewing the images would have been assisted by Agent Ensley’s conclusion, based on his working over 200 cases involving child pornography and child exploitation, that 989.jpg qualified as child pornography.
Moreover, the images alone support probable cause. The majority concludes that the images are not pornographic because the subject is not posed in a sexual position, and there is not a lascivious exhibition of her genitals. I respectfully disagree. The child in the 989.jpg image is fully nude, her pubic area is visible, and the image suggests “sexual coyness.” United States v. Dost, 636 F.Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir. 1987). This is not a child in a bathtub. It is hard to imagine a purpose for the image other than to “elicit a sexual response in the viewer.” Id. The majority, citing language from Dost, argues that 989.jpg is not lascivious because the child is not sitting with her open legs in the foreground and is sitting in an ordinary way for her age. But the majority’s references to Dost are based on examples in which the court was hypothesizing about images that included at least partially clothed children. See id. (“If, for example, she is dressed in a sexually seductive manner, with her open legs in the foreground, the photograph would most likely constitute a lascivious exhibition of the genitals. ... [I]f the girl is wearing clothing appropriate for her age and is sitting in an ordinary way for her age, the visual depiction may not constitute a ‘lascivious exhibition’ of the genitals, despite the fact that the genitals are visible.” (emphasis added)). The majority concludes, “Other than the fact that the subject is nude, the image lacks any traits that would make it sexually suggestive” and that “if the subject were clothed, this would be a completely unremarkable pho *1129 to.” However, if we could assume away the nudity in any image of child pornography, it would dramatically affect the pornographic nature of the image. Here, the child in 989.jpg is nude.
But even if the majority were correct that the images are not lascivious, I must point out that such a borderline image could support a finding of probable cause. There is probable cause to search a location if there is a “fair probability” that contraband would be found there. United States v. Gourde, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc). The majority oddly focuses on whether the images are in fact child pornography. But our case law is absolutely clear that the images need not necessarily be pornographic in order to suggest a fair probability that the suspect possesses contraband. United States v. McCarty, 648 F.3d 820, 839 (9th Cir. 2011) (“[T]he government is not required to prove that all or any of the photographs actually exhibited child pornography in order to establish probable cause for [the defendant’s] arrest.”).[5] We have been clear that an affidavit does not need to set forth a prima facie case in order to establish a fair probability that the defendant possesses contraband. Gourde, 440 F.3d at 1069, 1073. Therefore, considering the totality of the circumstances, a corrected affidavit that included copies of the images would support probable cause for a search warrant.
IV.
After conducting a live hearing with in-person testimony from Agent Ensley, the district court credited Agent Ensley’s explanation for omitting the Canadian description of the images and the Canadian no-charge decision and affirmatively concluded that Agent Ensley was truthful. Yet the majority reverses the district court’s decision because it did not accept Agent Ensley’s explanation for distinguishing Canadian from American law. Even assuming that the district court clearly erred in crediting Agent Ensley, the majority inappropriately holds Agent Ensley reckless for not following a rule that was not clearly established at the time he submitted his search warrant application. I would conclude, consistent with our holding in Bat-tershell that, although it is preferable to include copies of the images, a corrected affidavit did not require including copies of the images. Agent Ensley therefore could not have recklessly omitted copies of the images. But even assuming for the sake of argument that the majority is correct and that Agent Ensley recklessly omitted copies of the images, the totality of the circumstances in a corrected affidavit that included copies of the images, Agent Ens-ley’s expert conclusion that one of the images was child pornography, and Perkins’ previous convictions for incest and child molestation, would still demonstrate a fair probability that Perkins possessed child pornography.
Again, because the majority fails to afford the district court its due deference, retroactively applies a new rule that is likely unsupported by our case law, and *1130 improperly weighs the totality of circumstances in a probable cause determination, I respectfully dissent.

. The majority argues that this statement does not apply to images defined under § 2256(2)(A)(v). Opinion at 1123 n.12. I respectfully disagree. By using the plural form of "copies” and "photographs,” the Battershell court was referring to both types of images: those based on § 225 6(2)(A)(i) — (iv) and § 2256(2)(A)(v). Battershell, 457 F.3d at 1053 (“It would have been preferable if the affiant in this case had included copies of the photographs in the warrant application.” (emphasis added)).

. The definitions in § 2256(2)(A)(i)-(iv) are not entirely objective. ■ t

. The majority also relies heavily upon United States v. Brunette, 256 F.3d 14 (1st Cir. 2001). Battershell discussed Brunette because Batter-shell had argued that the Ninth Circuit should adopt the First Circuit’s rule that "[ojrdinarily, a magistrate judge must view an image in order to determine whether it depicts the lascivious exhibition of a child's genitals.” Battershell, 457 F.3d at 1053 (quoting Brunette, 256 F.3d at 19). Not only is Brunette inapplicable in this Circuit, but also Batter-shell specifically refused to adopt the Brunette rule. Id. ("Thus, the more demanding standard for establishing probable cause of ‘lascivious’ images that the First Circuit employed in Brunette does not apply.”). '

.As noted above, this panel previously held that the district court erred by not granting a Franks hearing based on only two potential factual omissions: that Perkins’ Canadian *1128 child pornography charge had been dropped and that Agent Ensley’s description of the images was different than the Canadian detective's description. Perkins, 583 Fed.Appx. at 797. Thus, the district court never considered whether the omission of the images was reckless. Perkins, 2015 WL 630934. The district .court was not clearly erroneous for two reasons. First, we did not tell the district court to consider whether the omission of the images was reckless. Second, our case law did not establish that Agent Ensley was required to include copies of the images in the first place.

. The majority discovers an implicit rule in my citation to McCarty that photos are never required in a search warrant application, regardless of the circumstances, and criticizes this "obverse” rule because Agent Ensley’s belief that Perkins committed child pornography crimes was, in their opinion, not objectively reasonable. Opinion at 1122, n.10. Having thoroughly searched my dissent, I disagree that I have implied such a rule. In fact, I am not opposed to a rule that generally requires images to be included in a search warrant affidavit. But, as McCarty makes clear, oúr case law simply does not command it, and I certainly cannot say that the district court clearly erred by concluding that Agent Ensley did not recklessly omit relevant information.